OPINION OF THE COURT
Ralph A. Beisner, J.
Motion by defendants for an order compelling a further deposition of plaintiff prior to the exchange of surveillance tapes is granted and a further examination before trial of the plaintiff Ted T. Takayesu, limited to the issue of damages, shall take place no later than 30 days after service of a copy of this order with notice of entry, and it is further
Ordered that the cross motion of plaintiffs for an order *471 pursuant to CPLR 3101 (i) compelling defendants to provide plaintiffs with true and exact copies of all surveillance tapes is granted to the extent that, after the completion of the further examination before trial of the plaintiff, defendants shall forward to plaintiff true and exact copies of all surveillance tapes.
This personal injury action arises out of a two-vehicle accident which occurred on July 27, 1991. After plaintiff was deposed, defendants commenced video surveillance of the plaintiff and has obtained extensive video footage on numerous occasions. On November 4, 1994 defendants served plaintiffs with an amended response to demand for disclosure wherein the defendants confirmed that they possessed video footage of the plaintiff. Defendants agreed to provide plaintiffs with copies of the surveillance tapes if plaintiff agreed to submit to a further deposition on the issue of damages before the plaintiffs obtained the surveillance tapes. The plaintiffs refused to agree. These motions ensued.
Defendants state that all of the videotapes were taken after the plaintiff was deposed. Some of the footage predates the plaintiff’s amended verified bill of particulars and some of the footage is subsequent thereto.
Pursuant to CPLR 3101 (i), effective September 1, 1993, there shall be full disclosure of any films, photographs, videotapes or audiotapes involving a party to the action. This new statute does not, however, preclude the court from regulating the time of production (see, Boulware v Triborough Bridge & Tunnel Auth., 161 Misc 2d 435). In Boulware, the court adhered to the principle, announced by the Court of Appeals in DiMichel v South Buffalo Ry. Co. (80 NY2d 184, 197), that surveillance tapes are properly produced after a plaintiff’s deposition.
The defendant in this action has already deposed plaintiff, but seeks a further deposition on the issue of damages only.
In DiMichel v South Buffalo Ry. Co. (supra), the Court struck a balance between New York’s open pretrial disclosure policy and the defendants’ fear that if plaintiffs obtain the tapes prior to trial they might tailor their trial testimony accordingly and impair the truth-finding function of cross-examination. The solution was to provide that surveillance films should be turned over only after plaintiff has been deposed.
In this court’s view, permitting the defendants to conduct a *472 further examination before trial of plaintiff limited to the issue of damages before disclosing the surveillance tapes will best satisfy the open pretrial disclosure policy, particularly as enunciated in CPLR 3101 (i), and obviate the possibility that the plaintiffs may tailor their trial testimony.
Ours is an adversarial system, and the truth-finding function of cross-examination should not be impaired. Defendants must be afforded the opportunity to examine plaintiff again on the issue of damages before disclosing the surveillance tapes taken after plaintiff’s initial examination before trial.