*332 OPINION OF THE COURT
Randolph Jackson, J.
Plaintiffs move for an order for sanctions against defendant, Krueger International, Inc. (Krueger), for its alleged service of untimely and unresponsive answers to written interrogatories, and striking defendant’s answer for its failure to turn over to plaintiffs surveillance information and expert information.
Defendant, Krueger, cross-moves for an order granting it an additional examination before trial of plaintiff, Davidson A. Simon, prior to the disclosure of additional surveillance material.
This is a products liability action for personal injuries allegedly sustained by the plaintiff, Davidson A. Simon, on February 3, 1992, when a chair manufactured by defendant allegedly collapsed under him.
An examination before trial of plaintiff, Davidson A. Simon, was conducted on October 21, 1993.
On June 3, 1993, the plaintiffs served a demand for surveillance information pursuant to CPLR 3101 (i). Defendant turned over a single surveillance tape, but is still in possession of surveillance tapes taken subsequent to the October 21, 1993 deposition.
Defendant, Krueger, now argues that it is entitled to a further examination before trial of the plaintiff.
In DiMichel v South Buffalo Ry. Co. (80 NY2d 184, 196 [1992]), the Court held "[t]hat the plaintiffs in both of these cases have a substantial need to view surveillance films before trial is manifest. Because films are so easily altered, there is a very real danger that deceptive tapes, inadequately authenticated, could contaminate the trial process.” The Court further determined that the risk of plaintiff’s tailoring their trial testimony to the videotape would be "largely eliminated by providing that surveillance films should be turned over only after a plaintiff has been deposed.” (80 NY2d, at 197.)
The Court, in DiMichel (supra), did not address the issue presented here, where the surveillance occurred after the plaintiff has been deposed.
In 1993, the Legislature codified plaintiff’s right to disclosure of surveillance materials in CPLR 3101 (i) as follows: "In addition to any other matter which may be subject to disclosure, there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda *333 thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use. The provisions of this subdivision shall not apply to materials compiled for law enforcement purposes which are exempt from disclosure under section eighty-seven of the public officers law.” (CPLR 3101 [i], as added by L 1993, ch 574, § 1, eff Sept. 1, 1993.)
There is a dearth of case law on the issue of a further examination before trial after surveillance has been conducted.
In Kane v Her-Pet Refrig. (181 AD2d 257, 267-268 [2d Dept 1992]), a case decided prior to the Court of Appeals decision in DiMichel (supra), the Second Department determined that:
"the plaintiffs’ need to examine the materials prior to trial overrides any legitimate interest in preventing disclosure * * * "Finally, we address the defense’s legitimate concern about the injured plaintiff tailoring his testimony by delaying disclosure until depositions on the claimed disabilities are completed. Although it appears that the injured plaintiff has already been deposed in this case, we cannot tell from the record whether the defense has had a sufficient opportunity to examine him with regard to the claimed disabilities and to explore any inconsistencies that the films may reveal.”
The Court went on to hold that the disclosure of the surveillance files was "subject to leave to the defendants, if they be so advised, to apply to the trial court within that period for an extension of time to conduct a further deposition of the injured plaintiff with respect to his claimed disabilities.” (Kane v Her-Pet Refrig., 181 AD2d, supra, at 268.)
The Court left to the trial court the determination of whether the first deposition of plaintiff provided defendant with a sufficient opportunity to examine him as to any inconsistencies that the films may reveal.
The Supreme Court, Queens County, when faced with the same issue in Jannello v Parker (167 Misc 2d 239, 242, 244 [Sup Ct, Queens County 1995]), determined that in cases where the surveillance occurred after an examination before trial of plaintiff "the answer lies in a case-by-case analysis, clearly dependent upon the individualized facts and circumstances of the case * * * an[d] in camera inspection of the surveillance films, to view what is depicted there in relation to the claims in the deposition, in order to ascertain whether defendant had been afforded a meaningful opportunity to examine plaintiff as to the nature and extent of the claimed injuries.”
*334 In Jannello (supra), Justice Goldstein denied the application for a further deposition of plaintiff because "there has been * * * a full and complete deposition * * * which [examined] plaintiff’s limitations and restrictions” and "where the films portray plaintiff doing precisely what the party says he or she is unable to do, a further examination would be unnecessarily wasteful, time consuming and, under the circumstances, abusive.” (167 Misc 2d, at 244.)
The only case in which the court gave the defendant an unqualified right to a further examination before trial of plaintiff before disclosing surveillance tapes is Takayesu v Chuckry (164 Misc 2d 470 [Sup Ct, Dutchess County 1995]). In Takayesu, the court simply stated that "[defendants must be afforded the opportunity to examine plaintiff again on the issue of damages before disclosing the surveillance tapes taken after plaintiff’s initial examination before trial.” (164 Misc 2d, at 472.)
After careful consideration, this court holds that the defendant should be entitled to a further examination before trial of plaintiff given a proper showing to the court that plaintiff’s prior examination before trial did not sufficiently cover the issues raised by the surveillance tape.
In addition, a further examination before trial may be warranted where the films depict plaintiff performing the precise activities which she had testified she was unable to do. It is this court’s opinion that, given this State’s preference for an open and far-reaching pretrial discovery, "intended to mark an end to the presentation of totally unexpected evidence and to substitute honesty and forthrightness for gamesmanship” (DiMichel v South Buffalo Ry. Co., 80 NY2d, supra, at 193), the defendant is entitled to be made aware of any explanation plaintiff may have for any inconsistencies between his earlier testimony and activities revealed by subsequent surveillance.
This court is cognizant and concerned about the issues raised in plaintiff’s memorandum of law. In it, counsel states that: "The entire conduct of plaintiff’s case would be in the hands of a defendant, who may 'choose’ to conduct an incomplete deposition, may 'choose’ to wait until the case is calendared or even called for trial, prior to conducting the surveillance, at which time, responsive to plaintiff’s demand for the tapes, demand repeated depositions. The discovery would be interminable. Calendaring the case would be meaningless. A defendant need only conduct a surveillance, and upon plaintiff’s demand for the tapes, merely claim a right to a further deposition, potentially striking the case from the calendar — at the very *335 least delaying a calendar or trial date. The results would be absurd and catastrophic. A case would never come to trial. A defendant, by artful use of surveillances could keep the case from trial forever.”
There are certain factors which mitigate against the potential harm counsel expresses.
First, this court sees no rationale for striking this case from the Trial Calendar. An in camera inspection of the surveillance material and examination before trial transcript can be conducted in a relatively short period of time.
Furthermore, a defendant who causes surveillance to be initiated merely for the purpose of obtaining a further deposition runs the risk of surrendering tapes to the plaintiff which are beneficial to plaintiffs case even if defendant does not intend to use them at trial. CPLR 3101 (i) modified the rule set forth in DiMichel (supra), which required disclosure of only those tapes which defendant intended to use at trial. Defendant must now turn over all surveillance material in its possession. (See, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:50,1996 Pocket Part, at 7.) This requirement will surely cause defendants to proceed with great caution before instituting surveillance.
Accordingly, it is this court’s determination that the defendant, Krueger, shall, within 30 days, produce, for in camera inspection, copies of all surveillance material in its possession which have not yet been disclosed, together with the transcript of the plaintiffs’ first examination before trial. Furthermore, together with these materials, defendant shall provide this court with an affidavit of merits, specifically detailing activities of plaintiff in the surveillance materials which necessitate a further examination before trial, together with a showing that plaintiff’s prior testimony was inadequate in providing defendants with information regarding these activities.
As to plaintiffs’ motion for sanctions against the defendant for its failure to timely and adequately respond to plaintiffs’ written interrogatories, the motion is denied.
On November 16, 1995, after a compliance herein before this court, the parties to this action entered into a written stipulation which states: "All parties agree there has been compliance [with] all outstanding discovery and [plaintiffs] have filed a N/I.”
Plaintiffs have stipulated that defendant, Krueger, has complied with all outstanding discovery. Despite plaintiffs’ as *336 sertion that they are merely moving to strike defendant’s response to the interrogatories, which is not a discovery request, plaintiffs are actually seeking sanctions for defendant’s failure to comply with discovery requests, contradicting the existing stipulation.
As to plaintiffs’ motion, pursuant to CPLR 3101 (d) (1) (i), to strike defendant’s answer for failure to respond to expert’s demands, this motion is also denied. Plaintiffs’ counsel states that he was present when defendant’s expert inspected the claim on or about November 27, 1995. The purported expert, Michael V. Novitski, is not an independent expert retained for this litigation, but the director of intellectual property for defendant, Krueger.
Defendant, Krueger, states that it does not intend to call Mr. Novitski as an expert at the time of trial and, to date, has not retained any experts to testify at the trial of this matter.
Accordingly, CPLR 3101 (d) (1) (i) is not applicable to this situation and the motion is denied.