■ MAUREEN M. HAWKINS et al., Respondents, v VALMORE B. LUCIER et al., Appellants. [680 NYS2d 671] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 2, 1998, as granted the plaintiffs' cross motion to compel them to disclose video surveillance tapes pursuant to CPLR 3101 (i), and denied their cross motion to compel the injured plaintiff to appear for a further examination before trial and for a protective order regarding the videotapes.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal from that part of the order which denied the appellants' cross motion to compel the injured plaintiff to appear for a further examination before trial is treated as an application for leave to appeal from that part of the order, the application is granted, and the appellants are granted leave to appeal from that part of the order (*see, Simon v Massapequa Gen. Hosp.,* 167 AD2d 533; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

In this personal injury action, examinations before trial of the injured plaintiff took place in November 1994 and July 1997. After the second examination before trial, the defendants engaged in video surveillance of the injured plaintiff. Thereafter, the defendants' counsel advised the plaintiffs' counsel of the surveillance and offered to provide copies of the videotapes on condition that the injured plaintiff appear for a further examination before trial regarding damages. The plaintiffs' counsel responded by demanding a copy of the surveillance tapes pursuant to CPLR 3101 (i), and rejected the request for a further examination before trial.

The plaintiffs moved to compel disclosure, and the defendants sought, *inter alia*, to compel the injured plaintiff to submit to further examination prior to disclosure. The Supreme Court determined that the plaintiffs were entitled to disclosure of the surveillance videotapes; however, it denied the defendants' motion for a further examination before trial, noting that the defendants had failed to offer any explanation to justify the need for a third examination prior to disclosure of the tapes.

Contrary to the defendants' contention, pursuant to CPLR 3101 (i), the plaintiffs have an unqualified right to disclosure of

the videotapes taken by the defendants in preparation for litigation (*see, DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 197, *cert denied sub nom. Poole v Consolidated Rail Corp.,* 510 US 816; *see also, Kane v Her-Pet Refrig.,* 181 AD2d 257). Furthermore, since the injured plaintiff has already been deposed twice, we agree with the Supreme Court that the defendants should have made a detailed showing that the injured plaintiff's prior testimony was inadequate to cover the issues raised by the surveillance tapes (*see, Simon v Krueger Intl.,* 169 Misc 2d 331, 335), in order to justify an additional examination before trial. Having failed to do so, the defendants are not entitled to depose the injured plaintiff again. Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.