[684 NYS2d 736]

Patricia DiNardo, Appellant, v Alan Koronowski, Respondent.

Fourth Department, December 31, 1998

**APPEARANCES OF COUNSEL**

*Getman, Biryla & Binko*, Buffalo (*Richard Binko* of counsel), for appellant.

*Chelus, Herdzik & Speyer, P. C.*, Buffalo (*Gregory Pajak* of counsel), for respondent.

### OPINION OF THE COURT

HAYES, J.

The issue presented on appeal is whether, pursuant to CPLR 3101 (i), defendant must turn over surveillance tapes upon request by plaintiff prior to the completion of depositions. This issue is one of first impression before this Court. We hold that plaintiff is entitled to the surveillance tapes upon request, regardless of whether depositions have been completed.

Plaintiff commenced this action seeking damages for personal injuries sustained in an automobile accident. Plaintiff moved to compel defendant to respond to a discovery demand for surveillance materials pursuant to CPLR 3101 (i). Supreme Court denied the motion as premature, ordering defendant to provide a response to the discovery demand following the completion of depositions. For the reasons set forth below, the order should be reversed.

We begin our analysis by considering the case of *DiMichel v South Buffalo Ry. Co.* (80 NY2d 184, *rearg denied sub nom. Poole v Consolidated Rail Corp.*, 81 NY2d 835, *cert denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816), in which the Court of Appeals resolved a conflict among the four departments of the Appellate Division regarding the discoverability of surveillance tapes. The Court noted that "New York has long favored open and far-reaching pretrial discovery" (*DiMichel v South Buffalo Ry. Co., supra*, at 193). The Court held that surveillance tapes should be treated as material prepared in anticipation of litigation pursuant to CPLR 3101 (d) (2) and thus could be turned over to the plaintiff only upon a showing of substantial need and undue hardship. The Court recognized that surveillance tapes could be easily altered, and thus a plaintiff should be entitled to view the material prior to trial to prevent any prejudice (*see, DiMichel v South Buffalo Ry. Co., supra*, at 196). However, to respect a defendant's "qualified right to keep videotapes prepared in anticipation of litigation private" (*DiMichel v South Buffalo Ry. Co., supra*, at 190), the Court held that disclosure was not required until after the plaintiff had been deposed (*DiMichel v South Buffalo Ry. Co., supra*, at 197).

Shortly after the *DiMichel* decision, the Legislature enacted CPLR 3101 (i), which provides: "In addition to any other matter which may be subject to disclosure, there shall be full

disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use. The provisions of this subdivision shall not apply to materials compiled for law enforcement purposes which are exempt from disclosure under section eighty-seven of the public officers law."

The statute is silent concerning the timing of the disclosure. The question remains whether the Legislature intended to require full disclosure of surveillance materials without any restriction concerning the timing. From the wording of the statute, as well as its legislative history, we conclude that the Legislature intended not to restrict the timing of the disclosure as had the Court of Appeals in *DiMichel*.

A review of the legislative history of CPLR 3101 (i) reveals that the Legislature wanted to make statutory the case law of *DiMichel* and to expand its holding (*see*, Bill Jacket, L 1993, ch 574). The Advisory Committee on Civil Practice Law and Rules, as well as the Division of State Police, disapproved of the bill, in part because they noted that nothing in the bill would limit the timing of the disclosure until after a plaintiff had been deposed, which the Court of Appeals had previously held was appropriate (*see*, Mems of Assembly Rules Committee and Division of State Police, Bill Jacket, L 1993, ch 574).

It is apparent that the Legislature was well aware of the holding in *DiMichel (supra)*. We conclude that, had the Legislature wanted to limit the disclosure of surveillance tapes until after depositions, as did the Court in *DiMichel,* it would have included language to that effect. As written, CPLR 3101 (i) requires disclosure of surveillance tapes upon demand. Being mindful of the fact that " 'we are judges and not legislators, and must not assume to make exceptions or to insert qualifications [into the wording of a statute], however justice may seem to require it' " (*Matisoff v Dobi*, 90 NY2d 127, 133, quoting *Chamberlain v Spargur*, 86 NY 603, 606), we decline to insert into the statute a qualification concerning the timing of disclosure.

We further note that in *DiMichel* the Court held that surveillance tapes should be treated as material prepared in anticipation of litigation pursuant to CPLR 3101 (d) (2). The Court of Appeals balanced a defendant's qualified right to keep surveillance tapes prepared in anticipation of litigation private with

New York's open and liberal disclosure policy (*see, DiMichel v South Buffalo Ry. Co.*, *supra*, at 190, 193). The result of that balancing test was that surveillance tapes were discoverable, but only after the plaintiff was deposed. However, the Legislature, in furthering the liberal disclosure policy, did not include the new discovery provision under CPLR 3101 (d) (2), but rather created a new subdivision, CPLR 3101 (i). The result is that defendants no longer enjoy a qualified exemption for disclosure of surveillance tapes. We conclude that the liberal disclosure policy of CPLR article 31 is best served by interpreting CPLR 3101 (i) to require full disclosure of surveillance tapes upon demand.

Accordingly, the order should be reversed and the motion granted.

PINE, J. P., WISNER and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion granted.