[702 NYS2d 150]

BENITO A. ROTUNDI, Respondent, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellant, et al., Defendant.

Third Department, January 13, 2000

### APPEARANCES OF COUNSEL

*Carter, Conboy, Case, Blackmore, Napierski & Maloney, P. C.,* Albany (*Mark A. Rubeo* of counsel), for appellant.

*Cusick, Hacker & Murphy, L. L. P.,* Latham (*John F. Harwick* of counsel), for respondent.

### OPINION OF THE COURT

SPAIN, J.

In *DiMichel v South Buffalo Ry. Co.* (80 NY2d 184, *cert*

*denied sub nom. Poole v Consolidated Rail Corp.*, 510 US 816), the Court of Appeals held that surveillance tapes which a defendant intends to use at trial are subject to pretrial discovery as materials prepared in anticipation of litigation under CPLR 3101 (d) (2) and, thus, are subject to a qualified privilege that can be overcome only upon the plaintiff's statutory showing of both a substantial need for them to prepare for trial and undue hardship. In so ruling, the Court sought to "fashion a rule that respects a defendant's qualified right to keep videotapes prepared in anticipation of litigation private, but that at the same time advances the policy of liberal disclosure underlying CPLR article 31" (*id.*, at 190). Such surveillance tapes were held to be discoverable prior to trial to permit the plaintiff to ascertain or verify their authenticity (*id.*, at 196-197). However, to combat the danger that so viewing the tapes will enable a plaintiff to "tailor the[ ] trial testimony accordingly," the Court of Appeals determined that "surveillance films should be turned over only *after* a plaintiff has been deposed" (*id.*, at 197 [emphasis supplied]).

Subsequently, the Legislature enacted CPLR 3101 (i), which provides as follows: "In addition to any other matter which may be subject to disclosure, there shall be *full disclosure* of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of *all portions* of such material, including out-takes, rather than only those portions a party intends to use. The provisions of this subdivision shall not apply to materials compiled for law enforcement purposes which are exempt from disclosure under section eighty-seven of the public officers law" (L 1993, ch 574, § 1 [eff Sept. 1, 1993] [emphasis supplied]). The issue presented on this appeal is whether the pronouncement in *DiMichel* that a plaintiff must submit to a deposition in advance of obtaining requested surveillance tapes survives the subsequent enactment of CPLR 3101 (i). It is a question not previously addressed by this Court, although the Fourth Department has answered the question in the negative (*see*, *DiNardo v Koronowski*, 252 AD2d 69). We agree and, therefore, affirm Supreme Court's order granting plaintiff's motion to compel disclosure.

This issue comes to this Court in the context of an action for wrongful termination of disability insurance benefits. Defendant Massachusetts Mutual Life Insurance Company (hereinafter defendant) advised plaintiff that it possessed a

surveillance videotape of plaintiff but refused plaintiff's request to disclose the videotape prior to his deposition, agreeing to produce it after plaintiff's deposition. Upon plaintiff's motion to compel this disclosure, Supreme Court, in reliance upon *DiNardo v Koronowski* (*supra*), ordered defendant to disclose the material upon demand, i.e., in advance of plaintiff's deposition.

We begin with the recognition that CPLR 3101 (i) makes no mention of the timing of the "full disclosure," in relation to the conduct of depositions, which it requires of all films, photographs, videotapes or audiotapes of plaintiff (or persons referred to in CPLR 3101 [a]), including transcripts and memoranda thereof. The legislative history of the addition of subdivision (i) indicates that it was intended as a codification and expansion of the *DiMichel* holding to require disclosure of all tapes, not just those relied upon or to be introduced as evidence at trial (*see*, Bill Jacket, L 1993, ch 574, including Assembly Report No. A 4238-A [dated July 30, 1993] prepared by the Advisory Committee on the CPLR [hereinafter Advisory Committee Report]; Mem from Glenn Valle, Div of State Police, to Elizabeth D. Moore, Counsel to Governor). Indeed, the Advisory Committee on the CPLR and the Division of State Police opposed the bill, in part, because it failed to codify that portion of *DiMichel*'s holding limiting disclosure until after a plaintiff is deposed.

Clearly, then, the Legislature (and Governor)—aware of the *DiMichel* holding decided under CPLR 3101 (d) (2) regarding the timing of disclosure in advance of a plaintiff's deposition and how the proposed bill adding subdivision (i) to CPLR 3101 deviated from it—did not expressly codify that aspect of the holding limiting disclosure to after a plaintiff's deposition. We agree with the conclusion of the Fourth Department that, "had the Legislature wanted to limit the disclosure of surveillance tapes until after depositions, as did the Court in *DiMichel*, it would have included language to that effect [but, a]s written, CPLR 3101 (i) requires disclosure of surveillance tapes upon demand [and, thus,] * * * we decline to insert into the statute a qualification concerning the timing of disclosure" (*DiNardo v Koronowski*, 252 AD2d 69, 71, *supra* [citation omitted]; *see*, *Presbyterian Hosp. v Maryland Cas. Co.*, 90 NY2d 274, 284-285; *Matisoff v Dobi*, 90 NY2d 127, 133; *Chamberlain v Spargur*, 86 NY 603, 606; *contra*, *Jannello v Parker*, 167 Misc 2d 239; *Boulware v Triborough Bridge & Tunnel Auth.*, 161 Misc 2d 435).

Notably, the Legislature did not choose to amend or add to CPLR 3101 (d) (2) to thereby signal its intent to merely codify

*DiMichel* but, instead, added an entirely new subdivision (i). Importantly, by doing so, the Legislature created a new discovery rule governing disclosure of surveillance tapes which was not dependent upon the analysis and statutory showing required for materials prepared in anticipation of litigation which enjoy a qualified privilege against disclosure (*see*, *DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 190, 194, *supra*). For this reason, we reject defendant's contention that, in the absence of a specific timing provision in CPLR 3101 (i), this Court should follow the common-law rule articulated in *DiMichel*.

The principal flaw in that contention is that in *DiMichel* the Court of Appeals pronounced a rule as part of its interpretation of CPLR 3101 (d) (2) which predated the enactment of CPLR 3101 (i). The Court was compelled in *DiMichel* to fashion a rule under subdivision (d) (2) of CPLR 3101 that "respects a defendant's qualified right to keep video tapes prepared in anticipation of litigation private" (*id.*, at 90) while still advancing the policy of liberal disclosure governing CPLR 3101. In contrast, under CPLR 3101 (i) video surveillance materials are subject to "full disclosure" as part of liberal disclosure policy (*see*, *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403; *Matter of American Tel. & Tel. Co. [Salesian Socy.]*, 85 AD2d 816) and are no longer cloaked with the qualified privilege attaching to materials prepared in anticipation of litigation under CPLR 3101 (d) (2). As such, CPLR 3101 (i) supplants and replaces CPLR 3101 (d) (2)—and the judicial implementation and interpretation thereof—as the statutory basis for disclosure of, *inter alia*, video surveillance materials (*contra*, *Hicklen v Broadway W. St. Assocs.*, 166 Misc 2d 12, 14; *Kosovsky v Zahl*, 165 Misc 2d 164; *Boulware v Triborough Bridge & Tunnel Auth.*, *supra*). Accordingly, we hold that such materials covered by CPLR 3101 (i) are discoverable upon demand pursuant to CPLR 3120 (a).

In so ruling, we are mindful that requiring disclosure of video surveillance materials, *inter alia*, in advance of depositions permits a plaintiff to "tailor the[ ] trial testimony accordingly," a danger which "can be largely eliminated by providing that surveillance films should be turned over only after a plaintiff has been deposed" (*DiMichel v South Buffalo Ry. Co.*, *supra*, at 197). Indeed, this danger appears to exist regardless of whether disclosure is governed by subdivision (d) (2) or subdivision (i) of CPLR 3101. Further, the "full disclosure" required by subdivision (i) is not necessarily incompatible with

requiring plaintiff to first submit to a deposition (*see*, Siegel, 1993 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:50, 1999 Pocket Part, at 23-24). However, the timing aspect of the *DiMichel* ruling—limiting pretrial disclosure of surveillance tapes to after a plaintiff is deposed—was imposed by the Court of Appeals as an integral part of the "substantial need" showing required of plaintiffs under subdivision (d) (2). In our view, since that statutory showing was not codified into subdivision (i), *DiMichel's* analysis and timing rule have no application to CPLR 3101 (i). The wisdom of omitting such a timing limitation or showing in subdivision (i) is a matter for the Legislature, not the courts (*see, Schulz v State of New York*, 84 NY2d 231, 237, *cert denied* 513 US 1127; *Hope v Perales*, 83 NY2d 563, 575; *Rent Stablization Assn. v Higgins*, 83 NY2d 156, 174, *cert denied* 512 US 1213).

PETERS, J. P., CARPINELLO, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the order is affirmed, with costs.