[749 NYS2d 259]

Betty K. Falk, Respondent, v Richard A. Inzinna et al., Appellants et al., Defendant.

Second Department, October 21, 2002

**APPEARANCES OF COUNSEL**

*Ted M. Tobias,* Melville (*Gary Austin Manso* of counsel), for appellants.

*Napoli, Kaiser & Bern, LLP* (*Pollack, Pollack, Isaac & DeCicco* [*Scott Perez* and *Brian J. Isaac*] of counsel), for respondent.

*Robert P. Tusa*, Garden City (*David Holmes* of counsel), for Madelon A. Knoerzer, defendant.

**OPINION OF THE COURT**

COZIER, J.

On this appeal, we consider whether a defendant in a personal injury action is entitled to insist upon a plaintiff's deposition prior to disclosure to the plaintiff of surveillance videotapes, in light of the 1993 enactment of CPLR 3101 (i). There is a conflict between the approaches adopted in the other Appellate Divisions based upon the recent ruling by the Appellate Division, First Department (*see Tai Tran v New Rochelle Hosp. Med. Ctr.,* 291 AD2d 121). However, the issue is one of first impression for this Court. For the reasons stated herein, this Court finds, pursuant to CPLR 3101 (i), that the plaintiff is entitled to immediate production of all surveillance videotapes prior to being deposed by the appellants.

The plaintiff allegedly was injured in an automobile accident and subsequently commenced this personal injury action against the appellants and another defendant. In her notice for discovery and inspection, the plaintiff requested, inter alia, production of any and all surveillance tapes. The appellants, in response, advised that they were not required to disclose the surveillance tapes until after the plaintiff submitted to a deposition.

The plaintiff then moved pursuant to CPLR 3101 (i) to compel disclosure of all surveillance tapes prior to depositions, arguing that the statute and case law mandated disclosure of such materials upon demand. The appellants argued in opposition to the motion that disclosure prior to the plaintiff's deposition would allow the plaintiff to tailor her testimony. Although the appellants acknowledged that CPLR 3101 (i) requires full disclosure of surveillance materials, they noted that the statute does not specifically address the timing of disclosure. In reply, the plaintiff noted that CPLR 3101 (i) does not include any provision limiting disclosure until after depositions have been held.

The Supreme Court granted the plaintiff's motion, finding that CPLR 3101 (i) requires disclosure of surveillance tapes upon demand. In reaching its decision, the Supreme Court relied upon the legislative history of CPLR 3101 (i) and the decisions of the Appellate Division, Third and Fourth Departments, respectively, in *Rotundi v Massachusetts Mut. Life Ins. Co.* (263 AD2d 84, 87) and *DiNardo v Koronowski* (252 AD2d

69, 71), which hold that CPLR 3101 (i) requires immediate disclosure.

In *DiMichel v South Buffalo Ry. Co.* (80 NY2d 184, *cert denied sub nom. Poole v Consolidated Rail Corp.,* 510 US 816), the Court of Appeals confronted the issue of whether films prepared by a defendant in a personal injury action were discoverable by a plaintiff before trial. The plaintiff in *DiMichel* sought the production of all videotapes and/or surveillance films taken by the defendant. The Court of Appeals held that surveillance films which a defendant intended to use at trial were discoverable by a plaintiff before trial as material prepared in anticipation of litigation subject to a qualified privilege (*see* CPLR 3101 [d] [2]). Moreover, the Court of Appeals ruled that the qualified privilege could be overcome only by the plaintiff's factual showing of substantial need and undue hardship (*id.* at 196).

The Court of Appeals in *DiMichel* noted that New York's open disclosure policy favors open and far reaching pretrial discovery. The Court of Appeals found that the plaintiff had a substantial need to view surveillance films before trial because films are so easily altered that there is a real danger that deceptive tapes, inadequately authenticated, could contaminate the trial process (*id.* at 196). With respect to the danger that the plaintiff may tailor his trial testimony, the Court held that it could largely be eliminated by providing that surveillance materials be turned over only after a plaintiff has been deposed (*id.* at 197).

In 1993, the Legislature enacted a new subdivision (i) of CPLR 3101, which provides, in relevant part, that:

> "In addition to any other matter which may be subject to disclosure, there shall be *full disclosure* of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use." (L 1993, ch 574, § 1 [emphasis added].)

This new statutory provision created an additional disclosure device under CPLR article 31 which broadened the scope of disclosure of surveillance materials by providing that all such materials, including those that a defendant chose not to use at trial, were discoverable.

Both the Third Department and Fourth Department subsequently addressed the issue of whether the pronouncement by the Court of Appeals in *DiMichel* that a plaintiff must submit to a deposition in advance of obtaining requested surveillance materials survives the enactment of CPLR 3101 (i) (*see Rotundi v Massachusetts Mut. Life Ins. Co., supra; DiNardo v Koronowski, supra*).

*Rotundi* and *DiNardo* both held that materials covered by CPLR 3101 (i) are discoverable upon demand, pursuant to CPLR 3101 (i). The Third and Fourth Departments referred to the unambiguous language of CPLR 3101 (i), which provides for full disclosure of such materials. The Appellate Division, Third and Fourth Departments, also reviewed the statute's legislative history, which indicated that the addition of subdivision (i) was intended to codify and expand the *DiMichel* holding to require disclosure of all surveillance tapes, not limited to those relied upon or those introduced as evidence at trial. In addition, in electing not to amend or expand subdivision (d) (2) of CPLR 3101, "the Legislature created a new discovery rule governing disclosure of surveillance tapes which was not dependent upon the analysis and statutory showing required for materials prepared in anticipation of litigation which enjoy a qualified privilege against disclosure" (*Rotundi, supra* at 87 [citation omitted]).

In *DiNardo* (*supra* at 71), the Appellate Division, Fourth Department, held that:

> "had the Legislature wanted to limit the disclosure of surveillance tapes until after depositions, as did the Court in *DiMichel*, it would have included language to that effect. As written, CPLR 3101 (i) requires disclosure of surveillance tapes upon demand. Being mindful of the fact that ' "we are judges and not legislators, and must not assume to make exceptions or to insert qualifications [into the wording of a statute], however justice may seem to require it" ' * * * we decline to insert into the statute a qualification concerning the timing of disclosure" (citations omitted).

Similarly, in *Rotundi* (*supra* at 87), the Appellate Division, Third Department, concluded that surveillance tapes were "no longer cloaked with the qualified privilege attaching to materials prepared in anticipation of litigation under CPLR 3101 (d) (2)" and that CPLR 3101 (i) "supplant[ed] and replace[d] CPLR 3101 (d) (2)."

However, contrary to the conclusions reached by the Third and Fourth Departments, the Appellate Division, First Department, recently held in *Tai Tran v New Rochelle Hosp. Med. Ctr.* (*supra* at 124) that "surveillance materials created by defendants must be disclosed *only after the plaintiff has been deposed*" (citation omitted).

The defendants in a medical malpractice action in *Tai Tran* had conducted video surveillance of the injured plaintiff after his initial deposition, and the plaintiffs moved to compel disclosure of the video surveillance tapes. The defendants argued in opposition that they were not required to produce the tapes until after the injured plaintiff submitted to a further deposition with respect to his physical condition and the circumstances surrounding his return to work. The Supreme Court granted the plaintiffs' motion for disclosure of the surveillance tapes prior to the second deposition, finding that CPLR 3101 (i) required immediate production of the surveillance tapes.

The Appellate Division, First Department, reversed the order of the Supreme Court, and directed that the injured plaintiff submit to a second deposition prior to the defendants' disclosure of the surveillance materials. Particularly, the First Department found that while the 1993 enactment of CPLR 3101 (i) vitiated the portion of the *DiMichel* holding that surveillance tapes were materials prepared in anticipation of litigation, that portion of the *DiMichel* decision indicating that such materials were discoverable only after the plaintiff had been deposed was still viable.

Referring to the conclusions reached by the Third and Fourth Departments, the First Department stated in *Tai Tran* (*supra* at 125) that:

> "There, priority was given to discovery on demand, vis-à-vis a defendant's right to depose the plaintiff before turning over surveillance materials. Such abolition of the preliminary deposition requirement is based upon a misconception of the scope of CPLR 3101 (i), which is silent on the priority issue presented here, and ignores the application of CPLR 3106 (a), which accords the normal priority in discovery to defendants. In our view, those decisions needlessly upset the desirable balance of competing interests in personal injury litigation, and improperly restrict the judicial exercise of discretion in discovery matters."

We are not persuaded that the result in *Tai Tran* is the correct one. First, CPLR 3101 (i) created a separate and distinct disclosure device pertaining to a party's right to obtain surveillance materials—unrelated to the priority of depositions set forth in CPLR 3106 (a). This Court has consistently held that CPLR 3101 does not set forth any specific order of priority as to the use of the various disclosure devices. Rather, "[a] party is generally free to choose both the discovery devices it wishes to use and the order in which to use them" (*Edwards-Pitt v Doe,* 294 AD2d 395, 396 [citations omitted]; *see Barouh Eaton Allen Corp. v International Bus. Machs. Corp.,* 76 AD2d 873; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:2). Moreover, a party's freedom of choice is subject to judicial intervention via a protective order if the process is abused (*see* CPLR 3103 [a]; *Barouh Eaton Allen Corp. v International Bus. Machs. Corp., supra* at 874-875).

Second, we find the conclusion reached in *Tai Tran* at odds with the legislative history of CPLR 3101 (i). A review of the statute's legislative history indicates that the Legislature intended to codify and to expand the ruling in *DiMichel.* However, prior to the enactment of CPLR 3101 (i), the Advisory Committee on Civil Practice Law and Rules and the Division of State Police opposed the bill, in part, because it did not codify that portion of the *DiMichel* holding which limited disclosure until after a plaintiff had been deposed (*see* Mem of Assembly Rules Comm on Civ Prac Law & Rules, Bill Jacket, L 1993, ch 574; *see also DiNardo, supra* at 71; *Rotundi, supra* at 86).

Accordingly, as noted by the Appellate Divisions, Third and Fourth Departments, the Legislature was well aware of the holding in *DiMichel,* and if the Legislature intended to limit or qualify disclosure under CPLR 3101 (i), as did the Court of Appeals in *DiMichel,* it would have added language to that effect.

Third, we note, as did the Appellate Division, Third Department, in *Rotundi (supra* at 86), that CPLR 3101 (i) makes no mention of the timing of the "full disclosure" in relation to the conduct of depositions. Furthermore, subdivision (i) fails to incorporate, by express language, or by implication, the provisions of CPLR 3106 (a). While the First Department correctly states that CPLR 3101 (i) "is silent on the priority issue," its conclusion that the statute "ignores the application of CPLR 3106 (a), which accords the *normal priority in discovery* to defendants," is flawed (*see Tai Tran, supra* at 125 [emphasis added]). Inasmuch as CPLR 3106 is entitled *"Priority of*

*depositions"* and subdivision (a) is entitled "Normal priority," the section has no relationship to determining any priority between separate disclosure devices, nor to the timing of disclosure under CPLR 3101 (i) (emphasis added). To the extent that no issue regarding the priority of depositions was before the First Department in *Tai Tran* and is not raised in the instant appeal, the provisions of CPLR 3106 are not properly invoked.

Although the Appellate Division, First Department, stated that *DiMichel* addressed the order of priority in disclosing video surveillance materials (*see Tai Tran, supra* at 123), the Court of Appeals in *DiMichel* only addressed the limited issue of whether defendants are required to turn over only those surveillance tapes that they intend to use at trial during pretrial discovery. The rule that was fashioned by the Court of Appeals in *DiMichel* (*supra* at 190), "respect[ed] a defendant's qualified right to keep videotapes prepared in anticipation of litigation private, [and] * * * at the same time advance[d] the policy of liberal disclosure underlying CPLR article 31." However, the portion of the decision in *DiMichel* regarding the timing of disclosure of surveillance materials did not survive the enactment of CPLR 3101 (i), as the statute did not codify that aspect of the decision (*see Rotundi, supra; DiNardo, supra*).

Finally, we find that requiring a defendant to turn over surveillance materials upon a plaintiff's demand and prior to depositions need not result in any undue prejudice, such as tailored testimony by the plaintiff, since a defendant may seek an appropriate protective order pursuant to CPLR 3103 (a).

We agree with the Third and Fourth Departments that the liberal disclosure policy of CPLR article 31 is best served by interpreting CPLR 3101 (i) to require full disclosure of surveillance materials upon demand (*see Rotundi, supra* at 87; *DiNardo, supra* at 72). Accordingly, we hold that the plaintiff is entitled to surveillance materials upon demand, pursuant to CPLR 3101 (i), regardless of whether the plaintiff has been deposed.

To the extent that our decision in *Hawkins v Lucier* (255 AD2d 553) suggests otherwise, we note that the decision in that case is limited to its facts.

In light of the foregoing, the order is affirmed.

H. MILLER, J.P., TOWNES and CRANE, JJ., concur.

Ordered that the order is affirmed, with one bill of costs payable by the appellants to the plaintiff.