■ Lurline Fox, Appellant, v Grand Slam Banquet Hall et al., Respondents, et al., Defendants. (And a Third-Party Action.) [36 NYS3d 653]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez,

J.), entered December 17, 2015, which, to the extent appealed from as limited by the briefs, dismissed the complaint against defendants Grand Slam Family Club Corporation, Grand Slam Corporation doing business as Grand Slam Banquet Hall, sued herein as Grand Slam Banquet Hall, and Grand Slam Club (collectively Grand Slam), unanimously reversed, on the law and the facts, without costs, the complaint against Grand Slam reinstated, and the matter remanded for further discovery and a jury trial in accordance with this decision.

Plaintiff allegedly tripped and fell on wires laid across the floor while attending a party at the Grand Slam Banquet Hall, leased and operated by Grand Slam. Third-party defendant Jacqueline Cowan rented out the banquet hall and promoted the party.*

Prior to opening statements at trial, plaintiff and Grand Slam entered into a high-low agreement, with $400,000 being the lowest amount plaintiff could recover, and $800,000 being the highest amount she could recover. On the third day of trial, during cross-examination, plaintiff testified that, on the previous day, she searched her home and found a video of the party that she had misplaced. Plaintiff gave the video to her attorney around noon that day but the attorney did not notify the court and defendants about it until 3:00 or 4:00 p.m., during plaintiff's cross-examination.

At her deposition, plaintiff testified that a video was shot of the party, although she misidentified the photographer as the videographer. When asked if the videographer would sell the video to people, plaintiff responded, "[N]o," and said that she believed that the video was for the promoter's own use, which Grand Slam interpreted to mean that she did not have a copy of it. During discovery, when defendants requested production of any photographs taken at the time of the alleged accident, plaintiff responded that she did not possess any. Although plaintiff asserts that Cowan hired the videographer, at her deposition, Cowan testified that she was not sure whether the party had been videotaped.

Under the particular circumstances of this case, the court abused its discretion in dismissing the complaint due to plaintiff's belated disclosure of a video. Although CPLR 3101 (i) requires disclosure of "any films, photographs, video tapes or audio tapes" of a party upon demand (see Falk v Inzinna,

---

* The claims against defendants Tremont 470, LLC and 550 Realty Company, LLC were dismissed by order dated February 27, 2013. At trial, the parties stipulated to discontinue the action against defendant Belkis Lora.

299 AD2d 120 [2d Dept 2002]), there was insufficient evidence of willful or contumacious conduct on plaintiff's part, or prejudice to Grand Slam, to warrant the dismissal of her complaint in the midst of the jury trial (*see Colome v Grand Concourse 2075*, 302 AD2d 251 [1st Dept 2003]; *Ahroni v City of New York*, 175 AD2d 789 [2d Dept 1991]), even if the dismissal was without prejudice.

There was no court order directing plaintiff to produce the video, and Grand Slam's discovery demands only requested that she produce photographs. Furthermore, plaintiff, who claimed to have misplaced the video, did not seek to introduce the edited video, which did not show her fall, into evidence at trial, and was willing to consent to its preclusion, the striking of her testimony concerning its existence, and a curative instruction, even though she believed the video to be favorable to her because it showed a cord across the floor and one of Grand Slam's principals standing in the vicinity.

To mitigate any potential prejudice to Grand Slam resulting from the belated production or the potential use of the video at retrial, we direct that Grand Slam be given 60 days from the date of this order to conduct additional discovery of the videographer and plaintiff with respect to the video, as it deems appropriate. Because we are reversing the dismissal of the complaint, the high-low agreement should be enforced upon the retrial. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.