Polakoff v NYU Hosps. Ctr. (2019 NY Slip Op 07731)





Polakoff v NYU Hosps. Ctr.


2019 NY Slip Op 07731


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10220N 805029/16

[*1] Dale Polakoff, et al., Plaintiffs-Appellants,
v
NYU Hospitals Center, et al., Defendants-Respondents.


Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellants.
Aaronson Rappaport Feinstein, & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered March 16, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3126 to preclude plaintiffs' use of audio and video recordings of defendants, unanimously affirmed, without costs.
CPLR 3101(i) provides in relevant part that "there shall be full disclosure of any films, photographs, video tapes or audio tapes" involving a party and its agents or employees. This provision applies "regardless of who created the recording or for what purpose," and "requires full disclosure,' without regard to whether the party in possession of the recording intends to use it at trial" (Bermejo v New York City Health & Hosps. Corp., 135 AD3d 116, 146 [2d Dept 2015]). Disclosures under CPLR 3101(i) are not subject to a timing limitation and thus should have been made pursuant to the court's discovery orders (see Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d 383, 389-390 [2003]).
Here, the motion court did not abuse its discretion in granting defendants' motion to preclude plaintiffs' use of the video and audio recordings pursuant to CPLR 3126. Plaintiffs' failure to produce the audio and video recordings until after their depositions and on the eve of the continuation of defendant Dr. Galloway's deposition demonstrates plaintiffs' willful and contumacious violation of the court's various discovery orders as well as plaintiffs' duty of full disclosure under CPLR 3101(i) (Bermejo at 146-147; compare Fox v Grand Slam Banquet Hall, 142 AD3d 473, 474-475 [1st Dept 2016]; Colome v Grand Concourse 2075, 302 AD2d 251 [1st Dept 2003]). Defendants were clearly prejudiced by plaintiffs' surprise tactic, occurring a year and a half after the date of the preliminary conference order, and after the parties were deposed (compare Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 408 [1st Dept 2018]; Law Offs. Of Russell I. Marnell v Sanabria, 151 AD3d 605 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK