| |
|---|
| **Balsam v Zubovic** |
| 2024 NY Slip Op 34252(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152993/2017 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:   **HON. RICHARD TSAI** | **PART**      **21** |
| *Justice* | |

------------------------------------------------------------------------------X

SETH BALSAM,

                             Plaintiff,

                      - v -

VALTER ZUBOVIC, PSILOS CAB CORP., MTA CAPITAL
CONSTRUCTION COMPANY, METROPOLITAN
TRANSPORTATION COMPANY and CITY OF NEW YORK,

                            Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152993/2017 |
| **MOTION DATE** | 08/09/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 33, 34, 110-128 were read on this motion to/for              DISCOVERY          .

      In this action arising out of an alleged collision between a pedestrian and a motor vehicle, plaintiff now moves to compel discovery from defendants Valter Zubovic and Psilos Cab Corp. (the Cab Defendants) and for sanctions. The Cab Defendants oppose the motion.

## BACKGROUND

      On February 22, 2016 at 12:42 PM, plaintiff was allegedly struck and knocked down by a motor vehicle allegedly owned by defendant Psilos Cab Corp. and operated by defendant Valter Zubovic, near the intersection of Second Avenue and East 82nd Street in Manhattan (*see* plaintiff's Exhibit A in support of motion, complaint ¶ 20 [NYSCEF Doc. No. 114]; *see also* NYSCEF Doc. No. 34 [bill of particulars] ¶ 5). According to plaintiff, the Second Avenue subway was under construction (complaint ¶ 13), and the existing pedestrian routes were blocked and/or detoured; the pedestrian path which plaintiff allegedly took "led into direct conflict with a vehicle moving through or around the worksite" (see NYSCEF Doc. No. 33 [bill of particulars] ¶ 3).

      By a demand for discovery and inspection dated June 20, 2024, plaintiff's counsel demanded defendants to produce, among other things:

    (1) photographs and videos of the intersection
    (2) accident reports; and
    (3) video surveillance footage taken of plaintiff (including transcripts or memoranda thereof) (*see* plaintiff's Exhibit C in support of motion [NYSCEF Doc. No. 116], at 1).

**152993/2017 BALSAM, SETH vs. ZUBOVIC, VALTER**
**Motion No. 004**

**Page 1 of 5**

[* 1]

By a response dated June 24, 2024, the Cab Defendants' counsel stated, in relevant part:

(1) "Defendant is not in possession of any photographs at this time, but reserves the right to provide same should same becomes available"

(2) "The Police Accident Report is a matter of public record and available to the within plaintiff" (*see* plaintiff's Exhibit D in support of motion [NYSCEF Doc. No. 117]).

The Cab Defendants' response did not expressly address plaintiff's demand for any surveillance video taken of plaintiff (*see id.*).

By a letter dated June 26, 2024 to the Cab Defendants' counsel, plaintiff's counsel stated that the Cab Defendants' response was insufficient, in that plaintiff had requested a sworn statement as to the existence of the photographs (*see* plaintiff's Exhibit E in support of motion [NYSCEF Doc. No. 118]). Plaintiff's counsel clarified that plaintiff was not limited to the police accident report, and plaintiff's counsel contended that plaintiff was entitled to discovery of any video surveillance upon demand, pursuant to *Di Nardo v Koronowski* (252 AD2d 69, 72 [4th Dept 1998]) (*see id.*).

By a conference order dated July 11, 2024, which was agreed to by the parties' counsel, the Cab Defendants were to provide "responses [to plaintiff's] D&I of 6.20.24, as set forth in the letter of 6.26.24, by 8.6.24" (*see* plaintiff's Exhibit F in support of motion [NYSCEF Doc. No. 119]).

By a response dated July 12, 2024, the Cab Defendants' counsel stated, in relevant part:

(1) "Defendant is not in possession of any photographs and/or surveillance video at this time, but reserves the right to provide same should same becomes available";

(2) "The Police Accident Report is a matter of public record and available to the within plaintiff"

(3) Defendants again objected to the demand regarding witnesses with knowledge of plaintiff's physical condition and/or physical activities (*see* plaintiff's Exhibit G in support of motion [NYSCEF Doc. No. 120]).

Plaintiff's motion to compel and for sanctions followed.

On November 21, 2024, this court held a motion conference with the parties' counsel in an attempt to resolve the outstanding discovery dispute, which was not on the stenographic record, and the motion was submitted for decision.

**152993/2017   BALSAM, SETH vs. ZUBOVIC, VALTER**
**Motion No.  004**

**Page 2 of 5**

2 of 5

## DISCUSSION

Plaintiff's counsel argues that the Cab defendants discovery responses were patently deficient and blatantly non-compliant, which therefore amounts to frivolous conduct which should be sanctioned.

The Cab Defendants' counsel argues that plaintiff's motion should be denied because "[y]our affirmant's office has responded twice to said demands and has made it crystal clear that it is not in possession of any surveillance videos, photographs, or accident reports (except for the publicly available accident report) plaintiff is requesting" (affirmation of the Cab Defendants' counsel in opposition ¶ 6 [NYSCEF Doc. No. 124]). According to the Cab Defendants' counsel, the discovery issues were discussed with this court on July 11, 2024, and this court purportedly disagreed with plaintiff (*see id.* ¶ 23).

Plaintiff's motion is granted in part, only to the extent of compelling the Cab Defendants to supplement their discovery response within 30 days of entry of this order, as directed herein.

The Cab Defendants' responses were insufficient on multiple levels. First, the Cab Defendants' responses did not comply with 22 NYCRR 202.20-c (c), which became effective July 1, 2022. 22 NYCRR 202.20-c (c) requires that, for each document request propounded, the responding party shall

> "contain, at the conclusion of thereof, the *affidavit* of the responding party stating: (i) whether the production of documents in its possession, custody or control and that are responsive to the individual requests is complete; or (ii) that there are no documents in its possession, custody or control that are responsive to any individual requests."

22 NYCRR 202.20-c (d) states, "Nothing contained herein is intended to conflict with a party's obligation to supplement its disclosure obligations pursuant to CPLR 3101(h)." Here, the Cab Defendants' response did not contain an affidavit from the Cab Defendants containing the certification required under 22 NYCRR 202.20-c (c).

Second, the Cab Defendants responded that it was not in possession of photographs or surveillance, but did not address whether photographs or surveillance were in their control. That is, whether the photographs or surveillance footage was within the custody or possession of an agent hired by the Cab Defendants, such as a private investigator. The response from the Cab Defendants' counsel was not sufficient, in that counsel carefully worded their opposition to state that their own office was not in possession of any surveillance videos, photographs, or accident reports, thus avoiding the question of whether such material was in the possession, custody or control of the Cab Defendants.

**152993/2017   BALSAM, SETH vs. ZUBOVIC, VALTER**                                          **Page 3 of 5**
**Motion No.  004**

The Cab Defendants' response that the police accident report was publicly available was not responsive to the demand for all reports of the incident, and the response was therefore evasive.

The Cab Defendants' reliance upon what purportedly transpired at the court conference on July 11, 2024 is misplaced. To the extent that the Cab Defendants argue the law of the case, the conference was not on the stenographic record, and there was no written ruling on the discovery issues discussed at the court conference.

The court therefore directs the Cab Defendants to supplement their responses to comply with 22 NYCRR 202.20-c (c), which includes, among other things an affidavit from the responding parties. Counsel's affirmation will not suffice. Because the Cab Defendants were previously evasive in their responses, the court additionally directs the certification required under 202.20-c (c) to be made with respect to each document demand in dispute on this motion.

For illustrative purposes only:

"(1) Photographs of the incident:

There are no photographs in the possession, custody or control of defendants that are responsive.

(2) Surveillance video of plaintiff

There is no surveillance video of plaintiff in the possession, custody or control of defendants that is responsive.

(3) Accident Reports

The production of accident reports in the possession, custody or control of defendants that are responsive to the request for all accident reports is complete"

The branch of plaintiff's motion for sanctions against the Cab Defendants is denied. Plaintiff has not demonstrated a pattern of non-compliance with prior court orders from which willful non-compliance could be inferred (*see Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011]). Neither did plaintiff adequately demonstrate that the Cab Defendants' counsel engaged in conduct primarily to delay or prolong the resolution of the litigation (22 NYCRR 130-1.1 [c] [2]).

## CONCLUSION

It is **ORDERED** that plaintiff's motion is **GRANTED TO THE EXTENT THAT**, pursuant to CPLR 3124, defendants Valter Zubovic and Psilos Cab Corp. are compelled

**152993/2017   BALSAM, SETH vs. ZUBOVIC, VALTER**                          **Page 4 of 5**
**Motion No.  004**

[* 4]                                    4 of 5

to supplement their response to plaintiff's Notice for Discovery & Inspection dated July 12, 2024 within 30 days of entry of this decision and order as follows:

(1) Defendants Zubovic and Psilos Cab Corp. are directed to submit affidavits stating, with respect to each document demand in dispute on this motion: (i) whether the production of documents in its possession, custody or control and that are responsive to the individual requests is complete; or (ii) that there are no documents in possession, custody or control of defendants Zubovic and Psilos Cab Corp. that are responsive to any individual requests;

and it is further

**ORDERED** that all other relief, including the branch of plaintiff's motion for sanctions, is otherwise denied.

20241203173902RTSAI3775098EB6F2484A8BF17C9E810F3F68

**12/3/2024**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152993/2017   BALSAM, SETH vs. ZUBOVIC, VALTER**
**Motion No.  004**

**Page 5 of 5**

5 of 5