OPINION OF THE COURT
Joseph J. Sedita, J.
The matter before us appears to be a case of the first impression. A review of case law and commentaries has revealed no clear determination of the issue raised herein.
The facts of this case are relatively simple. Petitioner was injured in the course of her employment with United Parcel Service. Petitioner was examined by Dr. Alex Strasser who was the physician for her employer and its insurance carrier. Petitioner has filed a claim under the New York Workers’ Compensation Law. Petitioner’s attorney requested a copy of Dr. Strasser’s report, but has been denied access to that information. Petitioner, therefore, commenced this proceeding in Supreme Court seeking to enforce her alleged right to said report pursuant to CPLR article 31. Respondents argue that any remedy which petitioner might have is available only through the Workers’ Compensation Board and the statute and rules which govern its operation.
The issue then which confronts this court is whether this article 31 motion is a proper mechanism to obtain disclosure in furtherance of a workers’ compensation claim.
It’s usually wise to begin with the basic statutory framework that forms the structure within which this contro *642 versy must be resolved. CPLR 3101 sets forth the basic “Scope of disclosure” under article 31. This section states under subdivision (a): “There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof” (emphasis mine).
Our next step is, of course, to determine the meaning of the term “action”. CPLR 103 is entitled “Form of civil judicial proceedings” and states in subdivision (a) that “There is only one form of civil action”, and in subdivision (b) states that “All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.”
In the Practice Commentaries on this section of the CPLR, Professor McLaughlin states: “An action begins with the service of a summons and is followed by a complaint.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C103:2.) The obvious conclusion one can draw from reading these sections together is that unless otherwise expressly authorized by statute, article 31 is limited in scope to utilization in judicial proceedings.
Claims under the Workers’ Compensation Law generally are limited to a recovery under that statute. (See Workers’ Compensation Law, § 11.) There has been no assertion that this claim is not within the exclusive jurisdiction of the Workers’ Compensation Law. Since this law establishes a procedure separate and apart from regular judicial proceedings to determine a claim, we must next look at this statute to determine if there is any authorization thereunder for use of CPLR article 31 procedures. We note that there is no stated exclusion of CPLR procedures and no explicit limit to its own statutory procedure.
The Workers’ Compensation Board and its hearing officers have broad powers to supervise their proceedings and to subpoena relevant documents and witnesses. (See Workers’ Compensation Law, §§ 118, 119, 142.) The published rules of the Workers’ Compensation Board provide for filing and disclosure of physician’s reports together with sanctions for noncompliance. (12 NYCRR 300.2.)
There is no question that the Workers’ Compensation Board has jurisdiction over this claim and the necessary *643 power and statutory authorization to supervise and administer proceedings thereunder. Principles of judicial restraint lead us to refrain from a holding that the broad powers of the Supreme Court may not be exercised in this area. However, where an administrative remedy exists, the well-established principle requiring the exhaustion of administrative remedies would be very compelling, especially in view of the heavy calendar of the Supreme Court. (See 1 NY Jur, Administrative Law, § 171; 2 Am Jur 2d, Administrative Law, § 595.) Closely allied to the principle of requiring exhaustion of administrative remedies is the doctrine of “primary administrative jurisdiction”, which requires deferral to an administrative tribunal even where a court may have concurrent jurisdiction. (See 2 NY Jur 2d, Administrative Law, § 181.) In addition to the above principles, we note that judicial efficiency and economy would be ill-served by encouraging a situation where substantive relief is sought before one tribunal while directly related procedural issues are being dealt with by a separate tribunal. If the first tribunal was without ability to grant the necessary procedural relief, such bifurcation might be permissible and necessary. But, where relief may be sought before the primary tribunal, it is that tribunal which ought to first deal with the procedural question, or right which is being asserted.
Accordingly, the relief sought by the petitioner is denied, without prejudice to any rights she might have to apply for said relief before the appropriate tribunal.