■ BROAD ELM AUTO CENTERS, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of HERSHEY ROSS, Respondent.—Determination unanimously confirmed with costs and petition dismissed. Memorandum: The determination that petitioner engaged in an unlawful discriminatory practice in the conditions of complainant's employment is supported by substantial evidence. The hearing testimony established that the manager of the store where complainant worked frequently made derogatory comments about complainant's race, including references that complainant was his "little nigger slave", in the presence of customers and complainant's co-workers (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Batavia Lodge No. 196 v New York State Div. of Human Rights, 35 NY2d 143). The compensatory award of $5,000 for mental anguish is also supported by the evidence and is not excessive (see, SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights, 144 AD2d 962; Matter of Lutheran School Servs. v State Div. of Human Rights, 142 AD2d 950).

We reject petitioner's ·claim that the Administrative Law Judge and the Commissioner lacked authority to determine that petitioner engaged in a discriminatory practice based on the manager's racial slurs because complainant did not make that specific allegation in his complaint. He alleged in his complaint that he was terminated from his job because of racial discrimination. Elimination of discrimination in the provision of basic opportunities is the predominant purpose of the Human Rights Law (see, Executive Law § 290 [3]; Koerner v State of New York, 62 NY2d 442). It is an unlawful discriminatory practice to discriminate against an individual because of race or national orgin in the "terms, conditions or privi-

leges of employment" (Executive Law § 296 [1] [a]) including where, as here, an employee is the victim of racial or ethnic insults and harassment (see, Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72; Glen Cove Pub. Schools v New York State Human Rights Appeal Bd., 58 AD2d 591).

Moreover, the State Division of Human Rights is authorized to "inquire into incidents of and conditions which may lead to tension and conflict among racial * * * groups and to take such action within the authority granted by law * * * as may be designed to alleviate such conditions, tension and conflict" (Executive Law § 295 [11]). Although complainant's testimony concerning the manager's racial slurs was presented in the context of a charge of unlawful termination, it was also directly related to the employment relationship between the parties. Since the manager admitted making the remarks on several occasions, petitioner cannot claim surprise or prejudice from this testimony. (Proceeding transferred pursuant to Executive Law § 298 by order of Supreme Court, Erie County, Rath, J.) Present—Denman, J. P., Green, Pine, Lawton and Lowery, JJ.