■ In the Matter of the Claim of AMPARO DI DONATO, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 1990, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was receiving benefits following her layoff by Manufacturer's Hanover Trust on January 27, 1988. During the time she was receiving benefits, she performed work at home for Publisher's Clearing House and submitted vouchers for payment of her compensation. She cashed the pay checks and included the amounts received as income on her tax reports. However, she failed to disclose these facts to the Commissioner of Labor. Claimant appealed the Commissioner's determination of ineligibility and overpayment based on the work done for Publisher's Clearing House. She and her

daughter testified at the hearing that the daughter actually did the work and that claimant's name was used because the daughter was not eligible for home piece-work employment. An Administrative Law Judge (hereinafter ALJ) overruled the initial determination of disqualification made by the Commissioner of Labor, finding that claimant's testimony was credible. Upon the Commissioner's appeal, the Unemployment Insurance Appeal Board rejected claimant's contention that her daughter actually did the work, finding instead that claimant was not totally unemployed, that the overpayment was recoverable and that claimant had made willful misrepresentations to obtain benefits. Claimant has appealed.

Claimant contends that the questions of credibility are to be determined by the trier of facts, here the ALJ. While credibility determinations by an ALJ are entitled to considerable weight, the Board is not bound thereby and is entitled to pass on issues of credibility (Matter of Horton [Hartnett], 176 AD2d 1103 [decided herewith]). Judicial review is limited to ascertaining whether the Board's determination is supported by substantial evidence in the record, and if· a determination is found to be so supported it must be affirmed since a reviewing court may not weigh or resolve conflicting evidence (Matter of Palomino v Bruno, 157 AD2d 730). Here, the documentary evidence in the record is sufficient to support the Board's determination regarding claimant's ineligibility.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.