■ In the Matter of the Claim of R. VELAZQUEZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [612 NYS2d 92] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, who worked as a cleaner in a supermarket, was discharged for not following his supervisor's instructions. Initially, it was determined that claimant was entitled to unemployment insurance benefits. The employer then requested a hearing contending that claimant should be disqualified from receiving benefits because he lost his job through misconduct. The Administrative Law Judge (hereinafter ALJ) agreed and reversed the initial determination. On appeal the Unemployment Insurance Appeal Board affirmed the ALJ's determination, giving rise to this appeal.

A finding of misconduct will be sustained if there is substantial evidence showing that the claimant's actions were detrimental to the employer's interest or in violation of a reasonable work condition (see, Matter of Bernet [Hartnett], 165 AD2d 957, 958). Here, the employer's testimony, which the Board credited, shows that in February 1991 claimant was reprimanded for not following his supervisor's instructions regarding the performance of his job and was warned by his union that his job was in jeopardy unless he followed instructions. Subsequently, claimant was instructed not to disconnect a certain cleaning machine from an electrical outlet. He failed to comply with these instructions on two occasions, whereupon he was discharged. The fact that the Board gave no weight to claimant's testimony has no bearing on this appeal as the weighing of testimony and the resolution of issues of credibility are within the exclusive province of the Board (see, Matter of Di Donato [Hartnett], 176 AD2d 1102, 1103). Lastly, the reprehensible use of ethnic slurs by claimant's supervisor when addressing claimant does not justify claimant's insubordination as he could have sought redress from management or his union or, if those approaches failed, under the provisions

of Executive Law § 296 (1) (a) *(see, Broad Elm Auto Ctrs. v New York State Div. of Human Rights,* 159 AD2d 978).

Therefore, for these reasons, we find that the Board's finding that claimant was discharged for failure to follow his supervisor's reasonable instructions is supported by substantial evidence. Accordingly, we affirm.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.