■ In the Matter of the Claim of ROBERT D. LEMON, Appellant. FAY'S INCORPORATED, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [648 NYS2d 188] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a district manager overseeing a number of the employer's retail stores. He was terminated from his position for refusing to provide his employer with Saturday work schedules during the busy holiday season. The Board disqualified claimant from receiving unemployment insurance benefits on the basis that he was terminated for misconduct. Claimant appeals, arguing that his refusal to provide the requested schedules does not rise to the level of misconduct which disqualifies him from receiving unemployment insurance benefits. Based upon our review of the record, we disagree.

It is undisputed that claimant was advised of the employer's requirement that he perform specified Saturday work between September 23, 1995 and December 23, 1995 and that he prepare a schedule of his visits to various stores. Nonetheless, claimant refused to provide the schedules despite being told that his continued refusal would result in his termination, offering as justification that he had personal business to conduct on Saturdays and that weekend work was not part of the original terms of his employment as district manager.

It is well settled that a finding of misconduct will be sustained if substantial evidence demonstrates that a claimant's actions are in violation of an employer's reasonable work conditions (*see, Matter of Velazquez [Hudacs]*, 204 AD2d 928).

Notwithstanding the original terms of claimant's hiring, the employer had a right to request claimant to work a reasonable amount of overtime (*see, Matter of Beehan [Sweeney]*, 226 AD2d 875; *Matter of Bisson [Hartnett]*, 170 AD2d 738) and to provide the Saturday schedules requested during the busy holiday season. Since claimant flatly refused to provide the schedules without a good reason, we find that substantial evidence supports the Board's finding of misconduct.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.