■ In the Matter of the Claim of DONNA M. KNIBBS, Respondent. BERMAN, PALEY, GOLDSTEIN & KANNRY, LLP, Appellant; COMMISSIONER OF LABOR, Respondent. [682 NYS2d 286] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 1997, which ruled that claimant was entitled to receive unemployment insurance benefits.

The issue in this case is whether substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was not disqualified from receiving benefits for misconduct. Although the employer maintained that claimant was discharged primarily for failing to follow office procedures regarding the receipt and tracking of a package and failing to notify appropriate personnel in the office that a package was missing, the Board affirmed the conclusion of the Administrative Law Judge who found that claimant was discharged because the employer suspected that she knowingly agreed to accept a package containing a controlled substance. Based upon our review of the entire record, we do not find that substantial evidence supports the Board's decision that the events surrounding claimant's discharge did not amount to disqualifying misconduct. Rather, it was uncontroverted that claimant failed to follow established office procedures regarding the receipt and tracking of packages and failed to notify the office manager, the managing partner or another appropriate individual about the status of the delivery.

Claimant was employed as a receptionist for a law firm and

her duties included answering the telephone, taking telephone messages and general mail duties. At the hearing before the Administrative Law Judge, Jack Kannry, the managing partner of the firm, testified that on February 19, 1997 he received a telephone call from Federal Express advising him that the Los Angeles Police Department had confiscated a certain package addressed to the law firm and that claimant had telephoned Federal Express regarding the whereabouts of the package. Kannry was later informed by law enforcement authorities that the package contained eight pounds of marihuana. Claimant asserted that she had received a telephone inquiry from a caller identifying himself as an attorney who stated he had sent a package to a retired partner of the firm. She alleged that the caller gave her the tracking number of the package and asked her to ascertain its delivery date. Complying with the request, she testified to telephoning Federal Express and attempting to obtain information regarding its delivery on two occasions. The record reveals that the package was not addressed to any particular individual in the firm.

Kannry testified that the tracking of Federal Express or overnight packages was not within claimant's job duties and that during her term of employment as a receptionist she had never tracked an overnight package. Having established the policies and procedures for all law firm personnel, Kannry explained that although claimant was responsible for receiving, sorting and distributing mail, delivery services, such as Federal Express, were handled by the secretaries working for the transmitting or receiving attorneys. He alleged that claimant's only responsibilities with respect to delivery services was limited to collecting the bills left by Federal Express messengers for packages picked up from the law office after hours and distributing evening package deliveries the following morning. Kannry further asserted that claimant did not advise him, her supervisor or the secretary for the retired attorney of the request for tracking. After Kannry ascertained that his former partner and his secretary were not expecting any package, and that claimant failed to inform anyone else in the firm for about a week that the package had not arrived, he concluded that claimant had violated office practices by failing to advise her supervisors of an anticipated package delivery and, therefore, terminated her employment.

Even according credibility to claimant's testimony that she received a telephone call requesting that she track a particular package, and her claim that tracking activities were covered by

her job description, it is undisputed that claimant did not notify the office manager, the bookkeeper, the managing partner, or the alleged intended recipient about the telephone call or her tracking activities, which actions were contrary to established office policies and procedures (*see, Matter of Titus [Sweeney],* 220 AD2d 919). Although we generally accord deference to an administrative agency's resolution of credibility issues (*see, Matter of Velazquez [Hudacs],* 204 AD2d 928), the record reflects that the administrative decision in this case failed to address claimant's disregard of office procedures and instead focused on the disputed role of claimant in arranging the delivery of contraband at her place of employment. This issue, however, is not dispositive because even assuming arguendo that the package contained legal documents rather than controlled substances, claimant's uncontroverted failure to notify her supervisors of the missing delivery was in contravention of the rules and procedures of the law office (*see, Matter of Halt [Sweeney],* 243 AD2d 805; *Matter of Keast [Essex County ARC— Sweeney],* 224 AD2d 851). In light of the foregoing, the decision is reversed and the matter remitted to the Unemployment Insurance Appeal Board for reconsideration.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.