■ In the Matter of the Claim of DENNIS J. VALENTIN, Appellant. 99 PARK AVENUE ASSOCIATES, Respondent; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 660] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a porter, was instructed by his supervisor not to permit a certain co-worker who had recently been fired into the locker room to remove his belongings unless the supervisor was present as there were suspicions as to why the co-worker had occupied four lockers. Thereafter, claimant was discharged for disregarding the supervisor's instructions. Contrary to claimant's contention, substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant engaged in disqualifying misconduct (*see generally, Matter of Velazquez [Hudacs]*, 204 AD2d 928). Although claimant denied having let the co-worker into the locker room, a security guard testified that he witnessed claimant open the locker room door for the co-worker. Moreover, claimant made no attempt to contact his supervisor while the co-worker was on the premises. Any conflict in the testimony merely presented

a credibility issue for the Board to resolve (*see, Matter of Burger [Commissioner of Labor]*, 253 AD2d 953). Furthermore, we find no reason to disturb the Board's decision reversing the Administrative Law Judge's decision and granting the employer's application to reopen the case, especially where, as here, the employer's application was prompt and it offered a reasonable excuse for its failure to appear at the initial hearing.

Mikoll, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.