OPINION OF THE COURT
John F. O’Donnell, J.
Plaintiff, an employee of Ciminelli Construction Company, *98 was injured at a work site on March 21, 2000. She commenced this action pursuant to section 240 (1) of the Labor Law and also sought workers’ compensation benefits. The defendants in this action are the County of Erie, owner of the project, Turner Construction Company, a contractor on the project, and Ciminelli-Cowper Co., Inc., the project manager. Ciminelli Construction Company, the employer, is a separate entity from Ciminelli-Cowper Co., Inc., and is not a party to this action.
The Workers’ Compensation Board determined that plaintiff-claimant suffered a work-related injury and awarded her benefits for the period from March 22, 2000 until March 6, 2001. A hearing was held on March 5, 2001 during which questions were raised about possible misrepresentation by Ms. Lindsey. Payment of benefits was suspended and further proceedings have been scheduled.
Plaintiff is asking this Court to require the compensation carrier, Travelers Insurance Company, to produce surveillance videotapes of Ms. Lindsey prior to the proceedings scheduled before the Board. Plaintiff relies on CPLR 3101 (a) and (i).
It is conceded that surveillance videotapes exist. The insurer argues that granting discovery of those to the plaintiff prior to her testimony at the Board will violate the administrative rules of the Workers’ Compensation Board (see, 12 NYCRR 300.7; City of New York, 99 NYWCLR 1145). Those rules incorporate the discovery standards for surveillance tapes set out by the Court of Appeals in DiMichel v South Buffalo Ry. Co. (80 NY2d 184). That rule was changed by the amendment of CPLR 3101 adding subdivision (i) (see, DiNardo v Koronowski, 252 AD2d 69). Amendment of the CPLR does not bind the Workers’ Compensation Board or change its rules of procedure, however (Workers’ Compensation Law § 118).
The Civil Practice Law and Rules “shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute” (CPLR 101). The rule of discovery concerning disclosure of surveillance tapes is expressly provided for in the CPLR. The rule in the separate workers’ compensation proceeding is administrative and not prescribed in the Workers’ Compensation Law. Absent an inconsistent statute governing this action, the provisions of CPLR 3101 are controlling (compare, Doe v Roe, 155 Misc 2d 392; Matter of Spiotta v Liberty Mut. Ins. Co., 120 Misc 2d 641).
Travelers contends that it is a nonparty to the Labor Law action and therefore the tapes are not discoverable. The rela *99 tionship of the insurer to the party defendants must be analyzed. Travelers issued a policy of workers’ compensation insurance to the plaintiffs employer, Ciminelli Construction Co. The employer is not a party to the Labor Law proceeding because direct actions against employers are not permitted (Workers’ Compensation Law § 11).
Travelers also issued a policy of general liability insurance to the plaintiffs employer. Plaintiffs employer contracted with the defendant County of Erie for performance of certain work.
In analyzing discovery motions against liability insurers the courts of this state have long looked to the underlying role of the insurer (Kandel v Tocher, 22 AD2d 513; Mosier v Van Der Horst Research Corp., 25 AD2d 938). “[OJnce an accident has arisen there is little or nothing that the insurer or its employees do with respect to an accident report except in contemplation and in preparation for eventual litigation or for a settlement which may avoid the necessity of litigation * * * [I]t is immaterial whether attorneys have actually been assigned or employed by the insurer to represent the insured in the settlement or defense of the claim” (Kandel v Tocher, 22 AD2d 513, 515).
Travelers’ role in this lawsuit is no different than in any other lawsuit. Once the plaintiff was injured, all its actions were for the purpose of defending or settling claims arising out of the accident. That the claims are governed by the Workers’ Compensation Law and the Labor Law, which limit and apportion liability in derogation of the common law, does not change the insurer’s role. The company insured against both eventualities and created the surveillance tapes as part of its overall defense of claims against its insured. That one law firm was used to defend one aspect of the claim in one venue, and another law firm in this Court is immaterial. The insurer has acted to produce surveillance tapes in defense of the claim. The tapes are discoverable pursuant to CPLR 3101 (i).
Therefore it is ordered that plaintiffs motion is granted; and it is further ordered that Travelers Insurance Company immediately deliver all surveillance tapes concerning plaintiff to plaintiffs counsel.