■ In the Matter of the Claim of GULIO DE MARCO, Appellant, v MILLBROOK EQUESTRIAN CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [732 NYS2d 121] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 22, 2000, which denied claimant's request to compel his employer and its workers' compensation carrier to produce videotape evidence prior to his testimony.

On July 13, 1995, claimant sustained a work-related injury to his back. Accident, notice and causal relationship were established and, from the date of the accident through December 1999, claimant was paid approximately $36,000 in workers' compensation benefits for periods of total and partial disability. At a hearing held on January 28, 2000, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) contested claimant's right to benefits on the basis of, *inter alia*, fraud and requested the testimony of

claimant and its investigator, who had taken a surveillance videotape. Claimant requested the production of the videotape prior to testimony. The Workers' Compensation Board ultimately concluded that, although the carrier was obligated to disclose the existence of any surveillance materials in its possession prior to taking claimant's testimony, it was not obligated to turn over a copy of the surveillance videotape until after the carrier had the opportunity to cross-examine claimant. Claimant appeals and we affirm.

The essence of claimant's contention is that the Board is bound by the discovery rules set forth in the CPLR and this Court's holding in *Rotundi v Massachusetts Mut. Life Ins. Co.* (263 AD2d 84), which held that "materials covered by CPLR 3101 (i) [films, photographs, videotapes and audiotapes] are discoverable upon demand" regardless of whether the party requesting the disclosure has been deposed (*id.*, at 87). While there is limited incorporation of CPLR provisions in two sections of the Workers' Compensation Law (*see*, Workers' Compensation Law §§ 119, 121),* the authority to govern disclosure is delegated to the Board (*see, e.g.*, Workers' Compensation Law §§ 111, 118, 142 [3]). We are guided by Workers' Compensation Law § 118, which provides that the Board "shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure" (*see, Matter of Spiotta v Liberty Mut. Ins. Co.*, 120 Misc 2d 641). Accordingly, we find that the amendment to CPLR 3101 is not binding on the Board.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Workers' Compensation Law § 121 provides that "[t]he * * * [B]oard may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for like depositions in civil actions in the supreme court." Similarly, a subpoena issued under Workers' Compensation Law § 119 is regulated by the CPLR.