■ In the Matter of the Claim of ANTHONY CRISCI, Respondent, v IBM CORPORATION, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 905] —Kane, J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 30, 2001, which granted claimant's request to direct the employer to provide samples of chemicals to

claimant's physician, and (2) from a decision of said Board, filed June 12, 2002, which denied claimant's application for reconsideration or full Board review.

Claimant's physician performed routine allergy testing to determine whether the cause of claimant's dermatitis was related to his employment, with no positive results. The physician requested samples of 14 chemicals that claimant was exposed to at work, but the employer refused to supply them, indicating that it was against company policy and that the physician could obtain the chemicals through the manufacturers using addresses contained in the material safety data sheets already provided. After a Workers' Compensation Law Judge (hereinafter WCLJ) directed the employer to provide the samples, the Workers' Compensation Board reversed, determining that the request was overly broad as the chemicals were commercially available, but, if the physician had difficulty obtaining any particular substance, the WCLJ could order production by the employer. The physician later responded that he had no way of obtaining six chemicals that claimant regularly used. A different WCLJ closed the case after determining that there was no medical evidence, but the Board rescinded and modified that decision and required the employer to produce samples of the six chemicals. The employer appeals from that decision, as well as the denial of reconsideration or full Board review.

The employer contends that the Board erred in ordering production of chemical samples. The Board must conduct an investigation into or hearings regarding claims "in such manner as to ascertain the substantial rights of the parties" (Workers' Compensation Law § 118). In performing this duty, the Board generally is not bound by formal rules of evidence or procedure, including the disclosure rules of CPLR article 31 (*see* Workers' Compensation Law § 118; *Matter of De Marco v Millbrook Equestrian Ctr.,* 287 AD2d 916, 917 [2001]; *but see* Workers' Compensation Law §§ 119, 121). It was not an abuse of discretion for the Board to direct production of samples of the six chemicals in order to better determine the substantial rights of the parties as the employer possessed those chemicals, the employer would have the same potency and variation as used in claimant's workplace and claimant's physician indicated that he did not know how to obtain these chemicals. Additionally, we discern no abuse of discretion, arbitrariness or caprice in the Board's denial of reconsideration or full Board review (*see Matter of Thompson v General Motors Corp./Delphi Harrison,* 276 AD2d 820, 821 [2000]). The employer's remaining contentions are unpersuasive.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.