■ In the Matter of JUDITH ORTIZ, Appellant, v FIVE POINTS CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondents. [762 NYS2d 535] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2002, which determined, inter alia, that claimant did not suffer a work-related injury and denied her claim for workers' compensation benefits.

Claimant was employed as a keyboard specialist I at Five Points Correctional Facility, a maximum security prison in Seneca County. On January 4, 2001, claimant was interviewed by Robert Raymond, an affirmative action administrator for the Department of Correctional Services, concerning a complaint that had been filed against her fiancé and fellow employee. According to claimant, the interview lasted more than six hours, during which time she felt that she could not leave the area and was escorted and supervised during her lunch break. As a consequence, claimant became emotional and broke down, requiring her to seek medical attention.

Claimant was unable to return to work due to her emotional condition and subsequently filed a claim seeking workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident,

notice and causal relationship establishing a compensable work-related accident stemming from the interview with Raymond and awarded claimant compensation. The State Insurance Fund appealed to the Workers' Compensation Board and the Board reversed the WCLJ's decision, finding that claimant did not suffer "stressors greater than those routinely occurring in the normal work environment," and that the interview with Raymond did not constitute a compensable accident. Claimant now appeals.

While there is no doubt that the testimony given by claimant, if credited, constituted substantial evidence of a compensable accident, the testimony of Raymond, as well as claimant's immediate supervisor, likewise constituted substantial evidence supporting the decision to disallow the claim. Inasmuch as the Board was not bound by the WCLJ's credibility determinations and was entitled to make its own findings in this regard, which it clearly did, we must affirm. Simply stated, this Court is not permitted to weigh or resolve conflicting evidence (see Matter of Di Donato [Hartnett], 176 AD2d 1102, 1103 [1991]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.