■ In the Matter of the Claim of RICHARD REIMERS, Appellant, v AMERICAN AXLE MANUFACTURING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 833]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 8, 2002, which, inter alia, denied claimant's request to compel the employer and its workers' compensation carrier to produce videotape evidence prior to his testimony.

Claimant injured his neck at work on May 6, 1999 and, as a result, he stopped working in June 1999. He filed a claim for workers' compensation benefits and the case was established for a work-related injury to the neck. He was awarded benefits from June 16, 1999 through June 29, 2000, and thereafter from June 29, 2000 through July 20, 2001. He also received an award of reduced earnings which was to continue beyond July 20, 2001. In November 2001, the employer and its worker's compensation carrier (hereinafter collectively referred to as the carrier) made an application to suspend compensation based upon the report of physician Anthony Leone who, after conducting an independent medical examination of claimant on November 2, 2001, concluded that he did not suffer a causally related disability that prevented him from working. The report was partially based on surveillance videotapes of claimant purportedly engaged in various physical activities. At a hearing on the application, claimant's attorney requested the carrier to disclose copies of the surveillance videotapes prior to claimant's testimony. The Workers' Compensation Law Judge granted this request, suspended claimant's benefits and scheduled a further hearing. On appeal, the Workers' Compensation Board ruled that the carrier did not have to disclose the videotapes until after claimant's testimony. The Board, however, upheld the suspension of benefits. Claimant now appeals.

Contrary to claimant's assertion, we find no error in the

Board's denial of his request for the production of the surveillance videotapes prior to his testimony. We recently held in *Matter of De Marco v Millbrook Equestrian Ctr.* (287 AD2d 916 [2001]) that the Board is vested with the authority to govern disclosure and may, irrespective of the provisions of CPLR 3101 (i), withhold the production of surveillance videotapes until after the claimant's testimony, where the claimant is suspected of engaging in fraud. Claimant's reliance on *Tran v New Rochelle Hosp. Med. Ctr.* (99 NY2d 383 [2003]) is misplaced inasmuch as that case did not involve an administrative proceeding before the Workers' Compensation Board.

Moreover, we find nothing inappropriate in the Board's suspension of benefits prior to either the production of the videotapes or claimant's testimony. The carrier's application to suspend benefits was based not only on the undisclosed videotapes, but also on Leone's physical examination of claimant and his personal observations following the examination during which he saw claimant in the parking lot turn his neck 70 degrees to the left, which was 40 degrees more than he had during the examination. This information is contained in Leone's report, which was provided to claimant as part of the carrier's application. Regardless of the videotapes, it provided sufficient independent evidence of fraud to support the suspension of benefits.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.