■ In the Matter of the Claim of DESIREE ELLIS, Appellant, v CLEANORAMA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [771 NYS2d 257]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 14, 2003, which ruled that claimant did not suffer a compensable injury and denied her claim for workers' compensation benefits.

Claimant began working at the employer's dry cleaning establishment in March 1999. She maintains that on May 10, 1999, she spilled a dry cleaning chemical known as percethalane on her hands which resulted in swelling and burning of her hands, face and right leg. She stopped working shortly after this incident but returned in February 2000 and continued to work for the employer until April 2000, at which time she was terminated. Thereafter, claimant applied for workers' compensation benefits for injuries allegedly sustained in the May 10, 1999 incident. The employer controverted the claim. Following a hearing, a Workers' Compensation Law Judge chose to credit the testimony of the employer's president and disallowed the claim. The Workers' Compensation Board affirmed, resulting in this appeal.

Based upon our review of the record, we find that substantial evidence supports the Board's decision. Here, conflicting evidence was presented on the issue of whether claimant sustained a work-related injury on May 10, 1999. On the one hand, claimant testified that she was working in the shirt department unit on the date in question when she spilled percethalane on the back of her hand and it started burning. She indicated that although her job entailed sorting and washing shirts and did not involve the use of this chemical, it was stored in the back of the store in a black barrel. The employer's president, on the other hand, stated that percethalane was a dry cleaning chemical used in a closed dry cleaning machine and was pumped into the machine by an outside company. He testified that it was not a loose material. He further stated that claimant's job duties did not require her to come into contact with this chemical and that she did not report her alleged exposure. The medical

documentation, consisting of hospital records and physicians' reports, did not contain specific information to substantiate claimant's version of the events. In fact, the emergency room records indicate that claimant had a rash on her face and neck with no mention of any rashing on her hand or legs; Michael Aziz, a physician, reported that claimant told him that "a can of cleaning material exploded and fell over her legs." Inasmuch as the Board "has 'broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record' " (*Matter of Harris v Revere Copper Prods.*, 294 AD2d 792, 793 [2002], quoting *Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672 [2000]), it was entitled to credit the testimony of the employer's president over claimant's testimony. Therefore, we find no reason to disturb its decision.

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.