■ In the Matter of the Claim of ROBERT FEENEY, Appellant, v ISLAND CABLE CONSTRUCTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [774 NYS2d 878]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 27, 2003, which, inter alia, ruled that claimant had a 20% schedule loss of use of the left ring finger.

Claimant partially amputated the tip of his left ring finger while working as a telephone cable splicer. His finger was reattached, but never healed properly. Claimant applied for workers' compensation benefits. Following various hearings at which medical testimony was taken, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a 20% schedule loss of use of the left ring finger and awarded him benefits. The Workers' Compensation Board concurred with this finding, and this appeal by claimant ensued.

Claimant contends that the Board should have found that he had a 20% schedule loss of use of the entire left hand, rather than only the left ring finger, and, therefore, its decision is not supported by substantial evidence. We disagree. Conflicting medical evidence on this issue was presented at the hearing. Richard Parker, an orthopedic surgeon who examined claimant, testified that claimant demonstrated a weakness in grip strength and restricted motion, a decreased sensation of the tip of the left ring finger, as well as a nonunion of the fractured distal phalanx of the left ring finger, all of which led him to conclude that claimant had a 20% schedule loss of use of the entire left hand. However, Jayaraj Kumar, a physician who also examined claimant and who is experienced in scheduling injuries through prior employment with the Board, testified that claimant exhibited a mild flexion and extension defect at the distal interphalangeal joint of the left ring finger, and a sensory deficit in the distal phalanx, but no motion defects or grasp or pinch abnormalities. Based upon the workers' compensation guidelines governing schedule losses, he opined that claimant had a 20% schedule loss of use of the left ring finger. He noted that in order for there to be a schedule loss of use of a hand under the guidelines, multiple fingers had to be affected.

Contrary to claimant's assertion, the Board is vested with the authority to evaluate the credibility of medical witnesses, regardless of whether the hearing was conducted in its presence (see Matter of Joyce v United Food & Commercial Workers, 307 AD2d 552, 553 [2003]; Matter of Cook-Schoonover v Corning Hosp., 291 AD2d 715, 716 [2002], appeal dismissed 98 NY2d 671 [2002]). Although claimant disputed Kumar's testimony that he performed certain physical tests of claimant's left hand and ring finger, this also presented a credibility issue for the Board to resolve (see Matter of Ellis v Cleanorama, 3 AD3d 808, 809 [2004]; Matter of Moore v J & R Vending Corp., 297 AD2d

887, 888 [2002]). Inasmuch as Kumar's testimony and report provide substantial evidence supporting the Board's schedule loss of use award, we find no reason to disturb it.

Furthermore, we reject claimant's assertion of bias by the WCLJ. Claimant did not request the WCLJ to recuse himself at any time during the proceedings even though the alleged improper telephone conversation he had with Kumar occurred at the initial hearing (*see e.g. Matter of Asem v Key Food Stores Coop.*, 216 AD2d 806, 808 [1995], *lv denied* 87 NY2d 802 [1995]). In any event, the record does not indicate that the WCLJ credited Kumar's opinion because of a personal relationship.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.