◼ In the Matter of the Claim of SELVIN PAIZ, Respondent, v COASTAL PIPELINE PRODUCTS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 656]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 2003, which ruled that claimant was entitled to an award of double compensation pursuant to Workers' Compensation Law § 14-a.

On this appeal, claimant's employer, Coastal Pipeline Products Corporation, asserts that claimant is not entitled to an award of double compensation pursuant to Workers' Compensation Law § 14-a, since claimant neither proved that he was a minor at the time of his accident nor that he was illegally employed in violation of any provision of the Labor Law.* We disagree and affirm.

On the issue of claimant's age, Coastal asserts that the Workers' Compensation Board improperly considered evidence that had not been submitted to the Workers' Compensation Law Judge (hereinafter WCLJ) and that claimant failed to sustain his burden of proof regarding his age. We are not persuaded. Formal rules of evidence do not apply to proceedings before the Board and it may, in its discretion, consider evidence on any relevant issue, even if such evidence might not be admissible in other contexts (*see* Workers' Compensation Law § 118; *Matter of Crisci v IBM Corp.*, 306 AD2d 645, 646 [2003]; *Matter of De Marco v Millbrook Equestrian Ctr.*, 287 AD2d 916, 917 [2001]). While the WCLJ and the Board were presented with conflicting documentation concerning claimant's birth date, the Board is not bound by credibility determinations of the WCLJ and may resolve for itself such factual issues (*see Matter of Ellis v Cleanorama*, 3 AD3d 808, 808-809 [2004]; *Matter of Millner v Cablevision*, 2 AD3d 1146, 1147 [2003]; *Matter of Ortiz v Five Points Correctional Facility*, 307 AD2d 634, 635 [2003]). The certified copy of claimant's birth certificate from his home country, combined with claimant's testimony, constitutes substantial evidence of claimant's age and, thus, the Board's determination on this issue will not be disturbed.

Next, we find no error in the Board's determination that claimant's employment violated Labor Law § 133. Subdivision (2) of that statute provides that "[n]o minor of any age shall be employed in or assist in . . . any occupation involved in the operation of power-driven hoisting apparatus" and "any occupation involved in the manufacture of brick, tile and kindred products" (Labor Law § 133 [2] [p], [q]). Coastal manufactures concrete pipes and other products by pouring concrete into molds which are seven feet tall and weigh approximately 500 pounds. These molds are assembled and disassembled and the

---

* Coastal's previous appeal was dismissed as interlocutory and nonappealable since the Workers' Compensation Board had not yet decided the issue of illegal employment (289 AD2d 846, 847 [2001]).

concrete is poured using forklifts. Claimant's position as a laborer required him to help in the assembly and disassembly of these molds by opening and closing the latches so that the forklift operator could move in and use the lift to hoist the molds. Claimant was injured when he was struck by a forklift. Under these circumstances, as child labor laws are to be liberally construed to protect infant workers (*see Ludwig v Lowe*, 29 AD2d 267, 270 [1968], *affd* 25 NY2d 853 [1969]), we find that these preformed concrete modules are kindred products to brick and tile within the meaning of paragraph (q) of Labor Law § 133 (2) and that claimant's employment required him to assist in an occupation involved in the operation of power-driven hoisting apparatus within the meaning of paragraph (p) of Labor Law § 133 (2).

Finally, Coastal's argument that an award of double compensation to claimant violates the Federal Immigration Reform and Control Act was not raised before either the WCLJ or the Board and is thus not preserved for our review (*see Matter of Kearse [Commissioner of Labor]*, 308 AD2d 628, 629 [2003]; *Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686 [2002]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.