■ In the Matter of the Claim of HUMBERTO MONZON, Respondent, v SAM BERNARDI CONSTRUCTION, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [876 NYS2d 175]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 12, 2007, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

Claimant injured his foot in January 2004 when he fell at work. On February 4, 2005, at a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant testified that he had been unable to work since the accident. The employer then requested an adjournment so that it could present a surveillance videotape which allegedly would show that claimant had, in fact, worked since his accident. The WCLJ granted an adjournment and continued the payment of benefits to claimant. The employer appealed, asking that further payments be withheld pending its presentation of evidence on the issue of whether claimant had been working. After claimant's counsel advised the Workers' Compensation Board by letter dated February 22, 2005 that claimant had, in fact, returned to work, the Board rescinded the payments made following the February 2005 hearing pending further development of the record on the issue. In accordance with its established policy regarding surveillance videotapes, the Board also precluded the employer from offering its videotape and related materials at the adjourned hearing because it had not informed claimant of

their existence before his testimony at the February hearing.* At the next hearing, there was no further development of the record concerning claimant's return to work because the employer's counsel failed to appear. Instead, the WCLJ found that claimant had sustained a compensable 30% loss of use of his foot. The employer then sought review by the Board, asserting that claimant should be disqualified from receiving any compensation because he had made material misrepresentations in violation of Workers' Compensation Law § 114-a. When the Board found no violation of that statute and affirmed the WCLJ's decision, this appeal ensued.

As for the preclusion issue, the Board has adopted a rule requiring employers to disclose the existence of any surveillance materials in their possession prior to taking a claimant's testimony (*see Waldbaums Supermarket*, 1997 WL 534515, *1 [Workers' Compensation Bd, Aug. 6, 1997]), and we have recognized its authority to do so (*see Matter of Reimers v American Axle Mfg.*, 2 AD3d 1246, 1247 [2003]; *Matter of De Marco v Millbrook Equestrian Ctr.*, 287 AD2d 916, 917 [2001]). Further, we note that there is no evidence in the record that the employer was denied an opportunity to cross-examine claimant as to when he returned to work or regarding any other matter which claimant allegedly misrepresented.

Nor are we persuaded that claimant's alleged misrepresentations should have disqualified him from wage benefits under Workers' Compensation Law § 114-a. That section provides for forfeiture of benefits and imposition of civil penalties when a claimant makes false statements or representations regarding material facts "for the purpose of obtaining [benefits]" (Workers' Compensation Law § 114-a [1]). Here, the record supports the Board's conclusion that the inconsistencies among claimant's various accounts of how his accident occurred, and his statements recorded in his medical records regarding his return to work, could be explained by variations in the translation of claimant's statements from Spanish to English. In addition, the Board reasonably found that the statements in the medical records made after claimant's counsel had already informed the Board that claimant had resumed working were not made for the purpose of obtaining benefits. Moreover, as the employer never established the actual date of claimant's return to work by cross-examining him or through another witness, the Board's assumption that he had returned to work in February 2005 was not shown to be incorrect. Thus, there is

* We later dismissed the employer's appeal from that preclusion because it was an interlocutory decision (47 AD3d 977, 978 [2008]).

substantial evidence supporting the Board's decision not to find a violation of Workers' Compensation Law § 114-a, and we will not disturb it despite the existence of evidence that would support a contrary result (*see Matter of Henry v Bass-Masci*, 32 AD3d 635, 636 [2006]; *Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861, 862-863 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Tottey v Varvayanis*, 307 AD2d 652, 655 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Hughes v Indian Val. Indus.*, 290 AD2d 871, 872 [2002]). The employer's remaining contentions have been examined and determined to be either unpreserved or without merit.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.