■ In the Matter of the Claim of HALINA BRZEZINSKI, Appellant, v THOMAS GAMBINO et al., Respondents, and GREENHOUSE AGENCY LTD. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [954 NYS2d 257]—

Malone Jr., J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 5, 2010, which ruled that claimant was not an employee of Thomas Gambino and Lynn Gambino and denied her claim for workers' compensation benefits, and (2) from a decision of said Board, filed January 24, 2011, which denied claimant's request for reconsideration and/or full Board review.

In November 2007, claimant was injured when she fell in the yard of Thomas Gambino and Lynn Gambino. She applied for workers' compensation benefits, claiming that she was employed as the Gambinos' live-in housekeeper at the time of her accident. Following hearings, the Workers' Compensation Law Judge determined that claimant was not an employee of the Gambinos at the time of her fall, but was still in the interview process for the position, and denied the application. The Workers' Compensation Board affirmed that decision and subsequently denied claimant's request for reconsideration and/or full Board review. These appeals ensued.

We affirm. "The existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its finding must be upheld if it is supported by substantial evidence" (*Matter of Blotko v Solomon Oliver Mech. Contr.*, 91 AD3d 990, 991 [2012] [internal quotation marks and citations omitted]; *see Matter of Jennings v Avanti Express, Inc.*, 91 AD3d 999, 999 [2012]). Furthermore, any conflict in the testimony presented creates a credibility issue for the Board to

resolve (*see Matter of Blotko v Solomon Oliver Mech. Contr.*, 91 AD3d at 991; *Matter of Bran v Wimbish*, 73 AD3d 1378, 1379 [2010], *lv denied* 15 NY3d 818 [2010]). Here, Lynn Gambino (hereinafter Gambino) testified that claimant was referred to her by an employment agency and came to her house for an interview. Gambino testified that she had not completed the interview with claimant by the time of the injury, particularly because a significant part of the job duties required driving Gambino's children, and claimant had not provided Gambino with a copy of her driver's license; therefore, Gambino was unable to make a hiring decision without ensuring that claimant was a qualified and capable driver. Moreover, the record establishes that Gambino and claimant did not discuss specific salary or the duration of the job. While Gambino gave claimant money from her wallet after driving her home from the hospital, Gambino stated that she did so because she felt badly about claimant's injury. Gambino's testimony, which was credited by the Board, provides substantial evidence to support the determination that no employer-employee relationship existed, even though claimant's testimony, if credited, could constitute substantial evidence in support of a compensable injury (*see Matter of Ortiz v Five Points Correctional Facility*, 307 AD2d 634, 635 [2003]). Accordingly, the Board's determination will not be disturbed.

Claimant's contention that her injury was compensable based upon her performing hazardous work during a tryout period was not raised before the Workers' Compensation Law Judge and the Board was not required to consider it (*see* 12 NYCRR 300.13 [e] [1] [iii]). Finally, we find no merit to claimant's contention that the Board's denial of her request for reconsideration and/or full Board review was arbitrary or capricious (*see Matter of McCorkle-Spaulding v Lowe's*, 95 AD3d 1513, 1514 [2012]).

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.