Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 20, 2012, which precluded the employer and its workers’ compensation carrier from offering surveillance material and related testimony into evidence.
In 2007, claimant suffered work-related injuries to his right *1232 shoulder, right hip and right leg and was awarded workers’ compensation benefits. At a 2011 hearing on the claim, the Workers’ Compensation Law Judge (hereinafter WCLJ) continued benefits pursuant to a temporary total disability and — at the request of the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) — then questioned claimant as to whether he had engaged in any work activities that might affect his compensation award. Immediately after the WCLJ finished these questions, the carrier raised the issue of whether claimant had violated Workers’ Compensation Law § 114-a, and requested an opportunity to present surveillance video and the testimony of its investigator. The WCLJ denied the carrier’s request to suspend benefits and precluded the presentation of the video and related testimony, finding that the carrier was required to inform claimant of the existence of the video prior to claimant’s testimony about his work activities. The carrier requested that the Workers’ Compensation Board review this decision arguing, among other things, that the video evidence was improperly precluded. Upon review, the Board affirmed with no further action planned. The carrier appeals.
It is well established that an employer or carrier must disclose the existence of surveillance and investigation materials to a claimant prior to the claimant’s testimony (see Matter of Monzon v Sam Bernardi Constr., Inc., 60 AD3d 1261, 1262 [2009]; Employer: Rock Constr. Assoc., 2010 WL 2425110, *3, 2010 NY Wrk Comp LEXIS 01903, *7 [WCB No. 0082 5129, Mar. 4, 2010]; Employer: Waldbaums Supermarket, 1997 WL 534515, *1 [WCB No. 0901 8108, Aug. 6, 1997]). This obligation serves “to limit the gamesmanship which might otherwise occur” (Employer: Pooler Enters., 2008 WL 4215813, *2 [WCB No. 7060 8816, Sept. 9, 2008] [internal quotation marks and citation omitted]; see Employer: Aeropostale, 2012 WL 6561864, *2, 2012 NY Wrk Comp LEXIS 10782, *6 [WCB No. G041 0425, Dec. 6, 2012]).
While routine questions by a WCLJ regarding claimant’s return to work may not trigger a carrier’s obligation to disclose the existence of these items (see Employer: Petland Discounts, Inc., 2007 WL 1600895, *5, 2007 NY Wrk Comp LEXIS 03402, *13-14 [WCB No. 0030 7853, Apr. 2, 2007]; Employer: Republic Restaurant & Bar, 2006 WL 3889353, *3, 2006 NY Wrk Comp LEXIS 11309, *6-7 [WCB No. 0031 3637, Dec. 15, 2006]; Employer: Inc. Budget Group, 2006 WL 219157, *2, 2006 NY Wrk Comp LEXIS 00485, *3-4 [WCB No. 0040 4346, Jan. 4, 2006]), we note that, here, the carrier specifically prompted this line of *1233 questioning by the WCLJ at the end of the hearing. The surveillance materials were thus properly precluded, as the carrier had the opportunity to disclose their existence before prompting the WCLJ and before the claimant testified about returning to work (see Employer: Pooler Enters., 2008 WL 4215813 at *2; compare Employer: Aeropostale, 2012 WL 6561864 at *1-3, 2012 NY Wrk Comp LEXIS 10782 at *1-6; Employer: St. Charles RC Sch. & Church, 2005 WL 2376903, *1-2, 2005 NY Wrk Comp LEXIS 08323, *3-6 [WCB No. 0004 8213, Sept. 23, 2005]). Accordingly, contrary to the carrier’s argument, the Board’s decision to preclude the carrier’s surveillance materials did not deviate from its previous decisions and was not arbitrary and capricious (see Matter of Williams v Lloyd Gunther El. Serv., Inc., 104 AD3d 1013, 1015 [2013]; Matter of Catapano v Jaw, Inc., 73 AD3d 1361, 1362 [2010]).
Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.