*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                517982
_____

In the Matter of the Claim of
    SARAH MANKA,
                    Respondent,

        v
                                            MEMORANDUM AND ORDER
GOODYEAR TIRE AND RUBBER
    COMPANY et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

                    _____


        Goldberg Segalla, LLP, Buffalo (Gail C. Ford of Vorys,
Sater, Seymour & Pease, LLP, Columbus, Ohio, admitted pro hac
vice), for appellants.

        Lipsitz & Ponterio, LLC, Buffalo (Dennis P. Harlow of
counsel), for Sarah Manka, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                    _____

Lahtinen, J.P.

Appeal from a decision of the Workers' Compensation Board, filed February 22, 2013, which, among other things, ruled that the death of claimant's husband was causally related to his employment.

David Manka (hereinafter decedent) worked for the employer from 1987 to 2003 and, during the early years of his employment, his duties included testing samples of ortho-toluidine, which is known to cause bladder cancer.  Decedent was diagnosed in 2007 with ureteral cancer and died from the disease in 2008. Claimant, decedent's widow, filed for workers' compensation death benefits.  The employer controverted the claim asserting, among other things, the absence of a causal link between exposure to ortho-toluidine and ureteral cancer.  The Workers' Compensation Law Judge credited claimant's expert regarding causation and found that decedent had died as a result of an occupational disease.  The Workers' Compensation Board affirmed.  The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

The employer argues that, although there are studies linking ortho-toluidine exposure to bladder cancer, there are no established links of such exposure to ureteral cancer and, thus, claimant failed to establish causation.  "In a claim for workers' compensation benefits based upon occupational disease, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Ferraina v Ontario Honda, 32 AD3d 643, 644 [2006] [citations omitted]; accord Matter of Dosztan v Kraft Foods, 113 AD3d 1007, 1008 [2014]).[1]  "[M]edical opinions regarding a causal relationship must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d 1019, 1019 [2012] [internal quotation marks and citations omitted]; see Matter of Bilow v Town of Chateaugay, 151 AD2d 845,

_____

    [1]  Here, claimant had to prove that her spouse (decedent) had the condition and it was related to his employment.

846 [1989]).  When considering a claim for benefits, the Board is "not . . . bound by common law or statutory rules of evidence" (Workers' Compensation Law § 118; see Matter of Carroll v Knickerbocker Ice Co., 218 NY 435, 440 [1916]; Matter of Paiz v Coastal Pipeline Prods. Corp., 9 AD3d 717, 718 [2004]).  The Board "is vested with the discretion to assess the credibility of medical [proof] and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (Matter of Perez v Mondial Tiles, Inc., 104 AD3d 998, 998-999 [2013] [internal quotation marks and citations omitted]).

Claimant's expert proof included reports by Steven Markowitz, an occupational and environmental physician, who conducted a study of employees who worked at the facility where decedent was exposed to ortho-toluidine and found a statistically significant link between such exposure and bladder cancer. Although he acknowledged a lack of studies directly concluding that ortho-toluidine causes ureteral cancer, he explained that ureteral cancer is difficult to study because it is very rare. He pointed to scientific literature concluding that the suspected occupational causes of ureteral cancer were similar to the causes established for bladder cancer.  After noting that decedent did not smoke or have any other known risk factor for ureteral cancer, he related that decedent was definitely exposed to ortho-toluidine, ortho-toluidine is a human bladder carcinogen, ureters have the same type of cells as the bladder, ureters are directly connected to the bladder, and urinary carcinogens flow through the ureters to reach the bladder.  Markowitz found the link between ortho-toluidine exposure and ureteral cancer to be "highly plausible" and opined to a reasonable degree of certainty that decedent's cancer stemmed from such exposure.  While the employer's experts disagreed with Markowitz and a different conclusion by the Board would have been reasonable, substantial evidence nonetheless supports the Board's determination.

McCarthy, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court