*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 19, 2017        522586
_____

In the Matter of RICHARD
   MAFFEI,
                 Respondent,

     v

RUSSIN LUMBER CORP. et al.,           MEMORANDUM AND ORDER
                 Appellants.

WORKERS' COMPENSATION BOARD,
                 Respondent.
_____

Calendar Date: December 13, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

William O'Brien, State Insurance Fund, Endicott (Charles L. Browning of counsel), for appellants.

Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

_____

Egan Jr., J.

Appeal from a decision of the Workers' Compensation Board, filed May 28, 2015, which, among other things, precluded the employer and its workers' compensation carrier from offering video surveillance into evidence.

Claimant, a manager at a lumbar company, filed a workers' compensation claim in 2010 that was established for occupational disease of asthma and consequential atrial fibrillation. In June 2013, the parties were notified that the claim was ordered for

expedited hearings pursuant to Workers' Compensation Law § 25 (3) (d) and hearings were thereafter held on the issue of permanency at which claimant's treating family physician, pulmonary specialist and cardiovascular physician testified. By hearing notice of September 4, 2013, the parties were advised that claimant was scheduled to testify at a September 25, 2013 hearing "to resolve the outstanding issue of permanency" and that "[t]here shall be no adjournment, or continuance of this expedited hearing unless the [Workers' Compensation Law Judge (hereinafter WCLJ)] approves based upon an emergency." At the hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) provided notice that they had video surveillance of claimant, who thereafter testified to his daily activities and medical limitations. Following claimant's testimony, the carrier requested a continuance to produce the video surveillance, which it represented depicted claimant in various activities that had been the subject of his cross-examination. The WCLJ denied the request for an adjournment, finding that it would not be dispositive because the medical evidence established that claimant was totally disabled. The WCLJ thereafter issued a decision classifying claimant with a permanent total disability, awarded compensation and formally denied the carrier's request to introduce the video surveillance into evidence. Upon the carrier's appeal, the Workers' Compensation Board, with one judge dissenting, modified, ruling, among other things, that the video surveillance evidence should have been admitted into the record and rescinded the classification. On mandatory full Board review, the full Board upheld the decision of the WCLJ, finding that no emergency existed to justify a continuance to allow the carrier to produce the video surveillance, which the carrier should have brought to the scheduled expedited hearing. The carrier now appeals.

We affirm. Pursuant to Workers' Compensation Law § 25 (3) (d), the Board ordered that claimant's hearing be transferred to the expedited calendar, and the parties were notified of this well in advance of the scheduled September 25, 2013 hearing at which the issue of permanency was to be resolved. With regard to expedited hearings, the rules of the Board provide that "[a]djournments . . . shall only be granted in accordance with

[12 NYCRR 300.38]" (12 NYCRR 300.34 [f] [1]), which specifies that "[a]djournments for . . . a hearing in a controverted claim shall only be granted in an emergency" (12 NYCRR 300.38 [j] [1]). An "emergency" is defined as "a serious event that occurs preventing the timely completion of some action ordered or directed," and includes "death in the family, serious illness, significant prior professional or business commitment, and inclement weather that prevents travel. It <u>does not include any event that can be prevented</u> or mitigated by the timely taking of reasonable action" (12 NYCRR 300.38 [j] [5] [emphasis added]).

Here, the hearing notice clearly advised the parties that an adjournment would not be granted except in the case of an emergency. As the full Board concluded and the record reflects, the carrier's request for an adjournment to produce and share the video following claimant's testimony was not premised upon any claimed emergency but, rather, was a consequence of the carrier's choice not to bring the video to the hearing based upon the belief that they "weren't going to be watching [it] today." While the carrier provided claimant with the required notice of the existence of the surveillance video prior to his testimony (see <u>Matter of Schuss v Delta Airlines, Inc.</u>, 120 AD3d 850, 851 n [2014]) and was entitled to withhold production of the surveillance video until after he testified (see <u>Matter of Reimers v American Axle Mfg.</u>, 2 AD3d 1246, 1247 [2003]), it proffered no valid or compelling excuse for failing to bring the video to the hearing, and its failure to do so did not warrant an exception to the no-adjournment rule for expedited hearings. Further, the request for an adjournment was not supported by an affidavit, as required (see 12 NYCRR 300.38 [j] [2]). Even in cases involving hearings that are not expedited, "[w]here a party, especially a carrier, is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment" (<u>Matter of Metzger v Champion Intl. Corp.</u>, 301 AD2d 800, 802 [2003] [internal quotation marks and citations omitted]). We find no abuse of discretion here.

Given the advance notice that the purpose of the expedited hearing was to resolve the issue of permanency "at one hearing" if possible, and that adjournments would not be granted except in the case of an emergency, we reject the carrier's contention that

it was deprived of due process by the refusal to admit the video surveillance into the record following an adjournment. That is, the carrier was afforded an "opportunity to be heard at a meaningful time and in a meaningful manner" (Mathews v Eldridge, 424 US 319, 333 [1976] [internal quotation marks and citation omitted]; accord Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 469 [2014]). The issue of the propriety of the transfer of this claim to the expedited calendar was not raised on the carrier's appeal to the Board and, thus, it is not preserved for our review (see Matter of Prescott v Town of Lake Luzerne, 79 AD3d 1216, 1218 n 2 [2010]). To the extent that the carrier argues that refusing to permit an adjournment to allow the introduction of the video prejudiced its ability to demonstrate that claimant made a knowing misrepresentation regarding his condition, the record reflects that the carrier expressly stated at the hearing that it was not raising Workers' Compensation Law § 114-a, which it reiterated on its administrative appeal, thereby waiving this issue.

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court